Jacobs v. Vaill.

------

### J. T. Jacobs v. Henry M. Vaill.
#### No. 13,129.   (72 Pac. 530.)

##### SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Demurrer*.   A demurrer does not admit the truth of the allegations of the pleading attacked except for the purpose of determining their legal effect.

Error from Morris district court; O. L. MOORE, judge.   Opinion filed May 9, 1903.   Reversed.

*John Maloy*, and *Nicholson & Pirtle*, for plaintiff in error.

*J. K. Owens*, for defendant in error.

The opinion of the court was delivered by

MASON, J.:   Mary L. and James N. Graham executed a mortgage to Henry M. Vaill on land which they afterward transferred to John T. Jacobs.   Vaill brought an action to foreclose the mortgage, making Jacobs a defendant, at a time when, upon the face of the papers, the statute of limitations had run against the mortgage note.   To avoid the effect of the statute, the petition alleged that since the note became due the makers had at all times been absent from the

state. Jacobs filed a pleading designated as an answer and demurrer. It consisted of an answer, in which was incorporated a statement that defendant demurred to the allegations of the petition regarding the absence of the mortgagors from the state. The answer included an unverified general denial and a claim of ownership of the land. No ruling was made upon this purported demurrer as such. At the trial the case was submitted upon the pleadings, and judgment was rendered for the plaintiff. Jacobs brings this proceeding to reverse the judgment.

As upon the face of the note the statute of limitations had barred the action, it was necessary for the plaintiff, in order that his petition might state a cause of action, to plead the absence of the makers from the state. The allegations of such absence being put in issue by the general denial, the burden of proving it was upon the plaintiff. No evidence having been offered by either party, judgment should have been given to the defendant. Defendant in error seeks to avoid the force of these considerations by claiming that defendant had demurred to these allegations, and that, the demurrer not being withdrawn but remaining of record, it admitted their truth for all purposes. Several authorities are cited in support of this position, especial reliance being placed on a statement in Boone on Code Pleading, section 42, based upon the case of *Cutler v. Wright*, 22 N. Y. 472. In that case it was held that a demurrer to a pleading, overruled and not withdrawn, is an admission of the facts stated, not only for the purpose of the argument but as evidence on the trial of the issue.

Assuming that such a question arises in this case, the contention is not well founded. Under our practice, a demurrer admits nothing except for the purpose

Jacobs v. Vaill.

of determining the legal effect of the facts stated. The theory that if a demurrer, upon being overruled, is not withdrawn it remains an admission of record holds good only where further pleading is required to raise an issue of fact and is omitted.   Then the admission really results from the failure to deny the allegations rather than from the fact of the filing of the demurrer.   (*Brown v. Kirkbride*, 19 Kan. 588; Bliss, Code Pl., 3d ed., § 418; 6 Encyc. of Pl. & Pr. 334–338.)   In the case of the overruling of a demurrer to a reply, no further pleading being required or permitted, the statute expressly provides that the demurrer shall not be held to admit any of the facts alleged in the reply for any purpose other than to determine the sufficiency thereof.   (Civil Code, § 128; Gen. Stat. 1901, § 4562.)

It is not apparent upon what theory the defendant sought to demur to certain specified allegations of the petition or to incorporate such a demurrer with an answer, but whatever else may have been the effect of this anomalous pleading it did not dispense with the necessity for plaintiff to prove his allegations.

The judgment is reversed, and the cause remanded with directions to grant a new trial.

All the Justices concurring.