[Civil No. 1864.   Filed March 30, 1921.]

[196 Pac. 419.]

# A. A. WORSLEY, Appellant, v. COCHISE COUNTY, Appellee.

DISTRICT AND PROSECUTING ATTORNEYS—ASSISTANT COUNTY ATTORNEY NOT ENTITLED TO COMPENSATION WHERE NOT FIXED BY SUPERVISORS PRIOR TO SERVICES RENDERED.—One appointed assistant in the office of county attorney under Session Laws of 1919, chapter 162, Senate Bill No. 45, is not entitled to any compensation where the supervisors did not fix his salary before the services were rendered, however meritorious or beneficial to the county such services may be, notwithstanding Civil Code of 1913, paragraph 2391, clause 11, and paragraph 2418, clause 15.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. O. Gibson, for Appellant.

The Attorney General and Mr. R. N. French, County Attorney, for Appellee.

BAKER, J.—This case, briefly stated, is as follows: In the year 1920 (February 16th) the county attorney of Cochise county, by the authority conferred on him by chapter 162, Session Laws of Arizona 1919 (Senate Bill No. 45), appointed the appellant (who is a practicing attorney) assistant in the office of the county attorney, to assist him in the prosecution of a criminal case then on trial in the superior court of said county against a defendant charged with the crime of kidnaping. The appointment was made by and with the consent and approval of the board of supervisors of the county. The appellant appeared before the court at the trial of the case, and performed the services required of him under his ap-

XXII Ariz.—15

pointment, and subsequently presented to the board of supervisors of Cochise county his claim for $1,500, which was properly itemized and sworn to, for services rendered as he claimed for the county on the trial of said criminal case. The board of supervisors disallowed the claim, whereupon the appellant instituted this suit against the county, seeking to recover on the claim, and alleging the reasonable value of his services to be $1,500. The county filed a demurrer to the complaint on the ground of insufficiency of facts stated, without denying any of the material allegations of the complaint, which demurrer the court sustained, whereupon appellant declined to amend, and judgment was rendered, dismissing the action and granting costs to the county, from which judgment this appeal is prosecuted.

It does not appear from the record that the board of supervisors of Cochise county has ever allowed, i. e., fixed, the salary of the appellant as such assistant in the office of the county attorney, as the board is required to do by the express provisions of chapter 162, Session Laws of Arizona of 1919 (Senate Bill No. 45). The particular provision of law in question reads as follows:

"All of the county officers [county attorney] hereinbefore named may, by and with the consent of and at salaries to be fixed by the board of supervisors, appoint such deputies, stenographers, clerks and assistants as may be necessary to properly conduct the affairs of their respective offices."

That provision clearly contemplates the allowance of a salary by the supervisors before the services of the appellant can become a county charge, however meritorious or beneficial to the county such services may be. 15 C. J. 562. If the salary has not been fixed by the supervisors the appellant should take

measures to have it so fixed before demanding payment.

But the appellant is demanding, not only that his claim be recognized as a county charge, but that he be paid a compensation not fixed as the statute requires, but fixed by the board of supervisors, in accordance with evidence submitted to it, whereupon its action would be subject to the consideration of the court in case a review were had. In such case the appointee would recover his compensation by proving the value of his services, and not pursuant to the statutory power of the supervisors to fix it. This substitutes a method of ascertaining the compensation by one method, while the statute states another and exclusive means of doing it. The statute cannot be superseded in this manner. In our judgment the statute does not intend that the appellant, as such assistant in the county attorney's office, should be compensated upon the basis of a *quantum meruit* as courts might determine.

We are cited to (clause 11) paragraph 2391 and (clause 15) paragraph 2418, Revised Statutes of Arizona of 1913, as authorizing the payment of appellant's claim. It is a sufficient answer to this contention to say that the appellant was appointed under the provisions of chapter 162 which of itself provides the method of his compensation, and he must recover, if at all, under the provisions of that law. In view of this statute it would be a strained construction of (clause 11) paragraph 2391 and (clause 15) paragraph 2418 to hold that these sections authorized such a claim as the one in question.

We recognize the moral right of the appellant to be paid for the services rendered in good faith by him under the appointment, and in the investigation of the case we have reached out to the limits of legitimate construction to find a way authorizing a re-

covery by the appellant in the case. We have been unable, however, to find any statute or law which would justify a judgment in his favor.

It follows that the court's ruling in sustaining the demurrer to the complaint is free from error, and the case must be affirmed.

ROSS, C. J., concurs.

McALISTER, J. (Concurring Specially.)—Inasmuch as the appointment of appellant by the county attorney and the approval of his appointment by the board of supervisors were in pursuance of the authority conferred by section 7, chapter 162, Session Laws of 1919, a compliance with the remaining provision of that section, namely, the fixing of the salary by the board of supervisors for the person so appointed, was a condition precedent to the enforcement of a claim for services arising under its terms. After the appointment was filed with the board, that body's first duty, in reference thereto, was either to approve or disapprove, and when its action resulted in approval a second duty, just as important as the first, arose, which was the fixing of the salary to be paid the person whose appointment had been approved. It is not provided just when the second duty shall be performed—whether at the same time as the first one or subsequently—but it is clear that the board had no option other than to perform it, especially after appellant had entered upon the performance of the services required of him as a result of his appointment and its approval.

Under the circumstances, appellant was justified in assuming that the board would fix the salary after the services had been performed, or partly so, and that it would be placed at a sum that would properly compensate him, for the amount of the salary was in its

discretion, as well as the question of approval or dis-
approval of his appointment, but the fixing of a
salary in some amount—whether properly compensa-
tory or not—after approving the appointment, was a
duty which undoubtedly could have been compelled in
a proper proceeding before, during, or after the ren-
dering of the services. The statement in the opinion
of Judge BAKER that "if the salary has not been
fixed by the supervisors the appellant should take
measures to have it so fixed before demanding pay-
ment" prescribes the course of action open to him
then, or afterwards.

The order sustaining appellee's demurrer was cor-
rect, and I therefore concur in the well-stated opinion
prepared by Judge BAKER.