Denniston *v.* Mudge.

---

ONEIDA GENERAL TERM, September, 1848. *Pratt, Gridley, and Allen,* Justices.

### DENNISTON and others *vs.* MUDGE and others.

A party to a release, who means to deny it, when it is set up by the other party as a defence, must reply *non est factum.* If he puts in a replication denying that the legal operation and effect of the lease are such as to discharge the defendants, the replication is demurrable.

The 151st section of the code of procedure, relative to errors and defects in matters of form, is not applicable to pleadings framed under the former rules.

Demurrer, by the defendants, to the replication of the plaintiffs. The opinion of the court contains all the facts necessary to an understanding of the questions decided.

*Dillaye & Brown,* for the plaintiffs.

*D. M. K. Johnson,* for the defendants.

*By the Court,* Gridley, J. The declaration in this cause was in assumpsit. The plea alleged that the promises, &c. were made by the defendants jointly with one Parker, and that the plaintiffs, by their deed of release, made, &c. released to said Parker the said promises, &c. To this plea the plaintiffs replied that they did not release to said Parker the said promises, &c. and the defendants have demurred because the plaintiffs have not denied the deed in legal form by a plea of *non est factum,* but have denied the legal effect of the release. It is true that such is the legal effect of the replication. The plaintiff cannot dispute that the promises were made by the defendants jointly with Parker, nor that they executed to Parker a deed of release; but they have raised the question whether the legal operation and effect of the deed are such as to release the promises declared on. This is in point of form bad pleading. The rule is laid down in *Chitty on Pleading,* (1 *vol. p.* 483 ; 7*th Am. ed.* 519,) in these words : " A *party to a deed,* who means to deny it, must plead *non est factum,* and cannot in pleading deny its operation by averring that he did not grant, or did not demise, &c. But a *stranger* to the deed need not plead *non est factum,* but may deny its effect, as by pleading *non feoffavit,*" &c. Now the plaintiffs are *parties* and not *strangers* to the deed, and should have pleaded *non est factum.* (*See also* 3 *Wentworth's Pleading,* 157, 8, *where the forms of the plea and replication are given.*)

But this is a defect of *form* only, and does not affect the substantial rights of the parties. Upon the issue which would be presented for trial upon the present pleadings, the question would be whether the *defendant's promises* were released by

Denniston *v.* Mudge.

the deed. So also, upon an issue of *non est factum* when the deed is proved, the question will be whether the deed releases the *defendants' promises* on which the plaintiffs have declared. Now upon this state of facts it is suggested that the 151st section of the code of procedure seems to be directly applicable to the case. It indeed declares that " the court shall in *every stage of an action,* disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." This enactment is nearly to the same effect as the provision of the revised statutes concerning amendments, except that those provisions are expressly made applicable to cases *after judgment, after verdict,* and *at the circuit.* (*See* 2 *R. S.* 343, (421,) *and* 328, (407).) The important change in the law introduced by the section in question is that the court is to disregard the errors and defects which do not affect the substantial rights of the parties in *every stage of the action,* and by the second section of the supplemental code, (*Laws of* 1848, *p.* 506,) this provision is made directly applicable to existing suits, It would doubtless be an unwise and an unjust exercise of legislative power, to make a new provision of this kind applicable to pleadings framed under the former rules. And we cannot think such was the intention of the legislature, notwithstanding we are informed that the supreme court of a neighboring district has given this construction to the act. The section of the " act to facilitate the determination of existing suits," upon which the question arises, applies the provisions of certain sections of the code, of which section 151 is one, " to *future proceedings in civil suits,*" pending when the code shall take effect. Now the " *proceedings*" here intended, are in this case the *pleadings of the parties,* and not the argument of the demurrer, nor the decision of the court thereupon. The *proceedings,*" therefore, to which it is sought to apply the provisions of the 151st section of the code, were not *future proceedings* within the intention of the act, and consequently not subject to those provisions. We must therefore dispose of the demurrer in this cause as we should have done had it been argued before

the code took effect as a law.   And we have already seen that by the rule that prevailed when the pleadings were framed, the demurrer was well taken.

Judgment for the defendants.

