THE ATCHISON, TOPEKA & SANTA FE RAILROAD COM-
PANY V. C. G. SCRAFFORD AND J. P. CONE, *Part-
ners as Scrafford & Cone.*

No. 34.

1. EVIDENCE *Supports Verdict.* The evidence in this case sup-
ports the verdict rendered by the jury.

2. ATTORNEY'S FEE—*Error.* It is error for the court to render
judgment for an attorney's fee in an action brought against a
railroad company for damages, where no proof is offered upon that
subject, and no agreement made as to what is a reasonable at-
torney's fee in the particular case which is being tried.

MEMORANDUM.— Error from Pawnee district court;
S. W. VANDIVERT, judge.   Action for damages by fire
brought by Charles G. Scrafford and John P. Cone,
partners as Scrafford & Cone, against The Atchison,
Topeka & Santa Fe Railroad Company.   Judgment
for plaintiffs.   Defendant brings the case here.   Modi-
fied.   The opinion, filed January 17, 1896, states the
material facts.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plain-
tiff in error.

*G. Polk Cline,* and *H. S. Rogers,* for defendants in
error.

The opinion of the court was delivered by

COLE, J. : The defendants in error recovered a judg-
ment in the district court of Pawnee county for $101
against the railroad company for damages arising out
of the alleged destruction of certain prairie grass, and
including an attorney's fee of $40 for the trial of said
cause.   The railroad company brings the case here
for review.   There are but two questions which de-
mand our attention in this case.   Counsel for plaintiff
in error contend that under the evidence the plaintiffs

below were not entitled to recover, and that the court erred in overruling the demurrer to the evidence.

It appears from the record that the agents and servants of the plaintiff in error were burning off the right of way, and it is admitted that the damage to the property of the defendants in error was occasioned by the fire escaping from the servants of the plaintiff in error. It was contended on behalf of the defendants in error that the setting out of the fire and permitting it to escape were acts of negligence on the part of the railroad. company. The jury found, in answer to certain special questions submitted to them, that the negligence consisted in setting out the fire upon a very windy day ; and it is contended by counsel for the plaintiff in error that this finding is not supported by the evidence. We cannot agree with counsel in this position. There is abundance of evidence from several witnesses upon this proposition, and we suppose the negligence may be established by showing that a fire was set out at a time when it ought not to have been, as well as by showing that it was permitted to escape when it ought not to have been. It is immaterial what particular section of the statute the original bill of particulars was intended to be drawn under. It stated facts sufficient to constitute a cause of action, and the record discloses no attempt upon the part of the counsel for plaintiff in error to have the same made more definite and certain.

The only remaining question in this case is that the court rendered judgment for an attorney's fee of $40, no evidence having been introduced upon that question, nor was the same submitted to the jury that rendered the verdict upon the question of damages. It is conceded by the counsel for the defendants in error that the record fails to show such a state of facts

as would permit the rendition of such a judgment, and all claim for attorney's fees is released in their brief. The judgment of the district court must therefore be modified, upon the admission of counsel and the state of the record.

This cause is remanded to the district court of Pawnee county, with instructions to modify the judgment rendered, by striking out the attorney's fee of $40 allowed by the court. In all other respects the judgment is affirmed. The costs of this court will be equally divided between the parties.

All the Judges concurring.