THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, *Grantee and Assignee of the Burlington & Missouri River Railroad in Nebraska*, v. FREDERICK IMHOFF.

### No. 55.

CONTRACT—*Pleading — Special Facts Must Be Pleaded.* When the answer alleges the execution of a written contract of settlement of the matters in difference between the parties, and no denial thereof is made under oath by the plaintiff, the execution of such contract is admitted, together with all natural inferences to be made therefrom. If the plaintiff desires to avoid the legal effect of such contract, it is necessary that he plead the facts upon which he relies for that purpose; otherwise, evidence in proof thereof is not admissible.

MEMORANDUM.— Error from Washington district court; F. W. STURGES, judge. Action by Frederick Imhoff against The Chicago, Burlington & Quincy Railroad Company to recover damages for loss by fire. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed July 9, 1896, states the material facts.

*Joseph G. Lowe*, for plaintiff in error.

*Omar Powell*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: On April 7, 1891, Frederick Imhoff brought this action against the plaintiff in error in

the district court of Washington county, and alleged in his petition that on March 6, 1889, he sustained a loss by fire of more than $6,000, through the negligence of the defendant in operating its railroad along, through and adjoining his farm in said county; that the defendant disputed the amount of his claim and its liability therefor;

"that on March 11, 1889, this plaintiff and the defendant, acting by and through its agent, one C. N. Fogg, did enter into an agreement and contract by which the plaintiff and defendant did compromise said claim and agree that the amount of the loss of this plaintiff, caused by the defendant in operating its said railroad, through its negligently and wrongfully setting of the fire, as aforesaid, should be the sum of $4,000, for which amount the defendant should be liable and bound to this plaintiff, and which sum of money the defendant, through its said agent, did then and there agree and promise to pay to the plaintiff, which contract and agreement of compromise was in parol and not in writing; that on the 11th day of March, 1889, the defendant did pay to plaintiff a part of said sum of $4,000, to wit, the sum of $2,350; that the plaintiff did at the time of said fire and loss have a good and valid insurance upon a part of the property so burned, in the sum of $850, in the German Insurance Company, of Freeport, Ill., and he did, after the said 11th day of March, 1889, receive from said insurance company the sum of $850, and some interest thereon; that there is still due the plaintiff from the defendant, as a part of his loss and damages so estimated and agreed upon as aforesaid, the sum of $800, with interest thereon from March 11, 1889, at the rate of 7 per cent. per annum; that a fee to be allowed plaintiff by the court as a reasonable attorney's fee in this action is the sum of $300. Wherefore, plaintiff prays judgment against the defendant for the sum of $800, with 7 per cent. interest thereon from March 11, 1889, and costs of suit, and the further sum of

$300, as a reasonable attorney's fee, to be allowed by the court."

The defendant answered, denying all liability for the loss sustained by the plaintiff, and alleging contributory negligence. It denied that it entered into the contract and agreement of settlement set forth in the petition, but alleged that, for the purpose of settling the loss claimed to have been sustained by the plaintiff and to avoid litigation, and for no other purpose, it compromised and settled in full with the plaintiff, and paid him, as a full and complete satisfaction for all the loss by him sustained at said time, the sum of $2,350; that the terms of said compromise and settlement were reduced to writing and are embodied in a receipt, signed by the defendant and delivered to the plaintiff, a copy of which was attached to the answer, and is as follows:

"The Chicago, Burlington & Quincy Railroad Company, grantee and assignee of the Burlington & Missouri River Railroad in Nebraska, to Fred. Imhoff, Dr.; address, Hanover, Kan.:

"1889.—For all loss and damage sustained by me by fire March 11, 3½ miles north of Hanover, Kan., March 6, 1889, set by engine 88, No. 86, including loss of all my buildings, household goods, tools, implements, corn, grain, 1 horse, 2 cows, 3 calves, and 6 head of hogs; also all damages whatsoever arising from this fire. Settled by C. N. Fogg. $2,350.

"Received of the Chicago, Burlington & Quincy Railroad Company, grantee and assignee of the Burlington & Missouri River Railroad Company in Nebraska, $2,350, in full payment of the above account. In consideration of the payment of the said sum of money, I, Fred. Imhoff, of Hanover, in the county of Washington and state of Kansas, hereby release, remise and forever discharge the said company of and from all manner of action, causes of action, suits, debts, and sums of money, dues, claims and demands

whatsoever, in law or equity, which I have ever had or now have against said company by reason of any matter, cause or thing whatever, whether the same arose upon contract or upon tort. In witness whereof, I have hereunto set my hand, this 11th day of March, 1889.— FRED. IMHOFF.

"$2,350.    Witness: Benjamin Pineo."

For a further defense, the answer alleged that the cause of action set forth in the petition is upon tort, based on the alleged wrongful and tortious acts of the defendant, and that said cause of action, if it ever existed, arose more than two years prior to the commencement of this action and was barred by the statute of limitations. The reply was an unverified general denial. The defendant's motion for judgment in its favor upon the pleadings and its objection to the introduction of any evidence being overruled, a trial was had, resulting in a verdict in favor of the plaintiff for the sum of $950.26, being the balance claimed to be due upon the alleged contract, with interest thereon. On the following day the plaintiff, by leave of court and over the objection of the defendant, amended his petition by striking out the allegation therein with reference to an attorney fee, including the prayer for judgment therefor. A motion for a new trial was overruled and judgment entered in accordance with the verdict. Exceptions were duly saved to the several rulings of the court, and the railroad company has brought the case to this court for review.

The evidence submitted shows that the fire was caused by the defendant in operating its railroad. Under the statutes of this state, proof of that fact makes out a *prima facie* case of negligence on the part of the railroad company. No attempt was made to

rebut the presumption of negligence thus raised, and no contributory negligence was shown. Testimony was introduced by the plaintiff, over the objection of the defendant, to prove the amount of the loss occasioned by the fire and the parol agreement and contract of settlement alleged in the petition. This evidence clearly shows that some three or four hours' time was occupied by the parties in endeavoring to effect a compromise. Propositions looking to a settlement were made by both parties, which finally culminated in the execution by the plaintiff of the written receipt and contract of settlement set up in the answer, and the payment to him by the agent of the company of the amount therein stipulated. The plaintiff was also permitted, over the objection of the defendant, to impeach and contradict the terms of this instrument, and in pursuance thereof to introduce in evidence the following written statement, signed by the agent of the company, and delivered to the plaintiff at the same time the written contract of settlement was executed, and the $2,350 was paid to the plaintiff:

"WYMORE, March 11, 1889.

"This is to certify that the settlement of Fred. Imhoff for fire on March 6 has nothing to do with any claim he may have against the insurance company.

C. N. FOGG, *Claim Agent.*"

The plaintiff was also permitted to introduce testimony tending to show that the only purpose in view in the execution of this statement by Fogg was to counteract the admission made by the plaintiff in the receipt and written contract that the entire claim against the railroad company had been compromised and settled for $2,350. The evidence offered would have been competent under proper allegations in the

49—KAN. APP.

pleadings, but the reply, which was merely an unverified general denial of the new matter set up in the answer, admitted the execution of the written contract. (§ 108, Code Civ. Pro.)   This admission carried with it a recognition of all legal inferences which must be necessarily drawn from it. (*Reed v. Arnold,* 10 Kan. 102, 104; *Board of Education v. Shaw,* 15 id. 33, 41; *Eggan v. Briggs,* 23 id. 711; *Walker v. Fleming,* 37 id. 171.) Upon the face of the pleadings, then, it clearly appears that the plaintiff had sustained a loss by fire which he claimed to have been caused by the negligence of the railroad company; that the defendant denied any liability to the plaintiff; that the matters in dispute between the parties were adjusted and a full settlement was effected, by the terms of which the railroad company paid to Imhoff on the day of such settlement $2,350, which sum the latter accepted in full satisfaction of all demands of every nature which he at that time had or claimed to have against the company; and, as there was no intimation in the pleadings that any liability in favor of the plaintiff had arisen since the date of this settlement, the defendant's motion for judgment in its favor upon the pleadings should have been sustained. There was, under the pleadings, no question of fact to be determined, and the court again erred in overruling the objection to the introduction of evidence.

Upon the plaintiff's own showing, as soon as the terms of settlement had been agreed upon, the agent of the railroad company wrote the receipt which the defendant signed, and which, upon its face, purports to embody the terms of settlement between them, and then paid to Imhoff the sum of $2,350. We think that, under the pleadings in this case, this written instrument must be held to be something more than a mere

receipt for the payment of a part of the damages which the plaintiff sustained, and that, unexplained, it evidences a full and complete settlement between the parties. (*Coon v. Knap*, 8 N. Y. 402; *Gulliher v. Railroad Co.*, 59 Iowa, 416; *Egleston v. Knickerbacker*, 6 Barb. 458; *Walbourn v. Hingsten*, 86 Hun, 63, 33 N. Y. Sup. 117; *Dennison v. Mudge*, 4 Barb. 243.) If the plaintiff desired to show that another written instrument was executed at the same time, in connection with and as a part of the same transaction, embodying a part of the terms of settlement, and that in order to ascertain the actual agreement between the parties the two instruments must be read and construed together, he should have pleaded that fact. There is no ambiguity in the language employed in the written receipt and contract of settlement which is relied upon by the railroad company as a defense to the cause of action set out in the petition. Its terms are clear and unequivocal. There was no necessity for the introduction of oral testimony to explain its meaning. There is no allegation that an independent, contemporaneous parol agreement was entered into which was not in conflict with its terms, and, in fact, none was shown to exist. The evidence offered in support of the cause of action set out in the petition tended to impeach and contradict the terms of a written instrument the execution of which was admitted. This, in the absence of proper allegations of mistake or fraud, could not legally be done.

We do not think the cause of action upon which suit was brought was barred by the statute of limitation. The plaintiff is not seeking to recover unliquidated damages resulting from the negligence of the defendant, but bases his action upon an alleged parol

contract for the payment of a stipulated sum of money.

For the reasons herein given the judgment must be reversed ; but as the plaintiff seemed to labor under the impression that the pleadings were sufficient to allow him to recover upon a parol contract, the court is of the opinion that he should be afforded an opportunity, if he so desires, so to amend his reply as to warrant the admission of evidence to counteract the legal effect of the written instrument relied upon by the plaintiff in error as a defense.

The judgment will, therefore, be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.