No. 26,415.

THE WHITE SEWING MACHINE COMPANY, *Appellant,* v. E. W. EDWARDS, doing business as THE SUNFLOWER ELECTRIC & SUPPLY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

AGENCY—*Rights as to Third Persons—Unauthorized Making of Contract.* Where an agent whose authority was limited to soliciting orders for the purchase of goods left with the customer a purported duplicate of an order sent to his principal which in fact differed from it, it is held, in an action brought by the principal to recover upon the document in its hands as the actual contract between the parties, that a verdict for the defendant was properly ordered upon the pleadings and evidence.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed January 9, 1926. Affirmed.

*James W. Finley, James A. Allen* and *B. M. Dunham,* all of Chanute, for the appellant.

*T. R. Evans,* of Chanute, for the appellee.

The opinion of the court was delivered by

MASON, J.: The White Sewing Machine Company sued E. W. Edwards for the price of seven electric sewing machines which it had furnished him in accordance with a written order signed by him. He defended on the ground that a duplicate of the order which was left with him contained interlined provisions for assistance to be given him in making sales, which had not been complied with

Agency, 2 C. J. pp. 481 n. 41, 859 n. 78, 959 n. 96.   Evidence, 22 C. J. p. 1023 n. 59.   Pleading, 31 Cyc. p. 264 n. 8.

by the company. The court directed a verdict for the defendant and the plaintiff appeals.

The written order in the hands of the plaintiff, on which it relies, does not contain the provisions referred to, and it contends that they form no part of the contract. The two documents are otherwise alike, being made on the plaintiff's blanks. The insertion was made in a rectangular open space in the form, near the right side of which was written, from top to bottom, the words "Notify when these get here." At the left in the same direction was written, "Agreed to come with 2 men to sell on ½ & ½; also woman demonstrator to get $10 on machine she sold." Between these was the signature of George Risdale, the agent through whom the order was taken. The defendant testified to this effect: He wrote the insertion in accordance with the agreement between himself and the agent, and the agent signed it. This was before the defendant signed the document which was sent to the plaintiff. The agent said he would put the same matter in that, but failed to do so. The plaintiff interprets one sentence of the defendant's testimony as showing the document sent to the plaintiff was signed before the insertion was made on the defendant's duplicate, but in our judgment the record as a whole shows the contrary.

This testimony was not contradicted. The agent did not appear at the trial, nor was his deposition taken. The plaintiff, however, urges that it should have been left to the jury to determine the truth of the defendant's version of the transaction; that the appearance of the writing, the contents of subsequent letters of the defendant, and various other matters rendered it improbable, and there was fair room for a finding that the words relating to the assistance to be given in making sales were inserted after the transaction had been completed. That issue, however, was not presented by the pleadings. The reply was a mere general denial and was not verified. The answer alleged the execution at the time the negotiations were had between the parties of the document containing the insertion and the allegation was admitted by not having been denied under oath. This prevents reliance upon the theory of a forgery having been perpetrated, if it would otherwise be available.

In the situation presented we think the document left with the defendant was as much the original evidence of the contract between the parties—the terms upon which the defendant agreed to take the machines—as was the one which was sent to the plaintiff.

The suggestion is made that the writing which we have spoken of as the insertion should be regarded as a memorandum of a personal undertaking on the part of the agent, not binding upon the company. We do not think it open to that construction. In view of the condition of the pleadings as already stated we regard the writing as an entirety, by which the obligation of the defendant is to be measured. It evidences the negotiations between the plaintiff and the defendant up to the point of the engagement of the latter to take the machines upon the terms indicated. The function of the signature of the agent, *prima facie*, at least, was not to make him personally a party to the deal but to authenticate the insertion as a part of the document.

The plaintiff further urges that the agent who took the order was a mere solicitor of orders, having no authority to agree in its behalf to the insertion of the provisions concerning the furnishing of assistance to the defendant in selling the machines. The printed form contained the clause: "There is no understanding or agreement of any nature whatsoever between your company and the undersigned as to these machines except such as is embraced in this written order which contains all of the terms and conditions upon which the same is given." This obviously is intended as a warning to the buyer not to rely upon oral agreements varying the terms of the writing. The defendant testified that it was because of this sentence in the printed form that he insisted upon the insertion out of which the controversy grows. The agent, although having no authority to make a sale, or a contract of sale, was still, as an authorized solicitor, the representative of the plaintiff with respect to that transaction. (*Pfiester v. Insurance Co.*, 85 Kan. 97, 116 Pac. 245; *Manufacturing Co. v. Scranton*, 116 Kan. 93, 225 Pac. 731.) The company was chargeable with his knowledge of how it was obtained, and could not repudiate a part of his acts in that connection and take advantage of the rest.

Some forty-five days after the delivery of the machines the defendant wrote to the plaintiff: "It was our agreement with your Mr. Risdale that upon receipt of machines we were to notify him and he would come here with 2 salesmen and a' lady demonstrator." The plaintiff contends this and similar expressions prove the defendant understood his agreement concerning the furnishing of aid in making sales to be with the agent personally and not with

the company. We think the contention unsound, particularly in view of what has already been said as to the issues raised by the pleadings relating to the execution of the document left with the defendant.

The plaintiff relies upon the course of the defendant in making a part payment from the proceeds of the sale of one of the machines, after knowledge of the plaintiff's claim, as a ratification of the contract embodied in the document held by the company. We think this action of the defendant as consistent with his own theory as with that of the plaintiff.

The judgment is affirmed.