No. 30,148.

ESTHER SEPTER, *Appellee*, v. E. D. BOYLES, *Appellant*.

(5 P. 2d 785.)

Opinion filed December 12, 1931.

*A. E. Crane* and *B. F. Messick,* both of Topeka, for the appellant.

*Clyde P. Cowgill,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by plaintiff for damages for fraud practiced by defendant in a real-estate trade. The answer denied the fraud and, by amendment made just before trial, pleaded settlement and release. Plaintiff recovered, and defendant appeals.

The answer pleaded execution by plaintiff and defendant of the following written instrument:

"We hereby agree to release E. D. Boyles from any claim of any kind whatsoever that we might have against him coming from an exchange of property.

"E. D. Boyles agrees to release any claim he has against the property at 120 Monroe street, Topeka, Kan."

Plaintiff filed the following reply, which was duly verified:

"Comes now the plaintiff and for her reply to the amendment to defendant's amended answer and cross petition denies each and every all and singular the allegations therein contained. Plaintiff specifically denies that she ever signed the release set out in defendant's amendment to his amended answer and cross petition."

Plaintiff testified the first paragraph of the release was not in the instrument which she signed. Defendant produced testimony that the instrument did contain the questioned paragraph when plaintiff signed it.

The court instructed the jury generally that the burden of proof was on plaintiff to prove her cause of action for fraud by a preponderance of the evidence, and that the burden was on defendant

to prove the affirmative allegations of his answer by a preponderance of the evidence. The court then stated at length the defense of settlement and release of liability by the written instrument, and said the first question to be determined was whether the parties had in fact settled their differences and, pursuant to the settlement, executed the written instrument in the form in which it appeared. Then followed instructions that if the jury found as defendant contended they should return a verdict for him, but if the jury did not so find they should proceed to determine the issues of fraud and resulting damages.

The jury returned a verdict for plaintiff, and returned special findings of fact, two of which read:

"1. Did the parties to this action, on or about the 27th day of May, 1930, settle all differences that may have existed between them, growing out of the exchange of properties in question? A. No.

"2. If you answer the foregoing question in the negative, state what differences existing between them were not settled at that time. A. The differences mentioned in this suit."

Defendant contends the court erred in admitting testimony under the verified general denial. The answer pleaded a specific written instrument. The verified general denial in effect said plaintiff did not execute that instrument, and of course she did not execute that instrument if the repudiated paragraph was not in the instrument which she signed. The result is, the court was obliged to investigate the integrity of the pleaded instrument.

Defendant contends the court misdirected the jury with respect to burden of proof. Because by verified general denial plaintiff controverted defendant's affirmative answer that he was released by a specific instrument he was obliged to prove his defense.

"The plaintiff sought to recover upon a promissory note which was set out at length in the petition, and appeared to bear a specified rate of interest. The defendant's answer was a general denial, duly verified; and they claimed at the trial that the note had been altered, and that the provisions therein for interest had been added to the note, without consent, since its execution. *Held,* under the issues formed, that the burden was upon the plaintiff to prove the execution of the note as alleged in the petition, and that, under the verified general denial, the defendants were properly permitted to offer proof of the alteration." (*Threshing Machine Co. v. Peterson,* 51 Kan. 713, syl., 33 Pac. 470.)

This decision has been approved and followed numerous times. Defendant says the instrument introduced in evidence bore no

indication of alteration, and quotes the following from the opinion in the Peterson case:

"It is said that the note bore no evidence of alteration upon its face, nor anything that would raise a suspicion that it had been changed since its execution. If that be true the production of the note with the defendants' signatures attached would be *prima facie* evidence that the instrument in all its provisions was genuine; and if the defendants relied upon the defense of material alteration the burden would be shifted to them to establish the same. The indications of subsequent alterations may be so obvious and suspicious in some cases as to bring discredit upon the instrument, and require the party offering the same to account for the apparent changes. But in the absence of suspicious circumstances no presumption can be indulged against the genuineness of the instrument." (p. 715.)

Defendant goes outside the record before this court in describing the appearance of the instrument. Waiving that, what was said in the opinion in the Peterson case did not modify what was said in the syllabus, and did not render the instruction given in this case erroneous. In this case the burden rested on defendant to establish his affirmative defense. He might discharge the burden by producing an instrument apparently genuine. But the instruction requiring him to produce evidence to sustain his defense was correct.

The statement in the opinion in the Peterson case relating to shifting of burden of proof was not in accord with the theory of burden of proof now generally approved. It is not now good form for burden of proof to hop about from one side of a case to the other. The burden to establish the affirmative defense rested on defendant. He was required to produce evidence, or fail. He could make a *prima facie* case by producing an apparently genuine instrument, but he was obliged to produce proof. Plaintiff might then fail unless she produced opposing proof, but she produced such proof. Opposing proof having been produced by plaintiff, the original burden of proof to establish the affirmative defense still rested on defendant. Besides what has been said there is nothing to indicate that imposition of burden of proof was the determining factor in the case.

Defendant discusses the subject of confession and avoidance. Plaintiff did not confess that she signed any paper the effect of which she sought to avoid. Defendant discusses the subject of return of consideration as a condition to rescission. The action was not one for rescission.

The judgment of the district court is affirmed.