No. 38,123

CHARLES E. WIMMER, *Appellee*, v. D. FILIZOLA, *Appellant.*

(226 P. 2d 841)

Opinion filed January 27, 1951.

*Walter B. Patterson,* of Fort Scott, argued the cause and was on the briefs for the appellant.

*James E. Lockwood,* of Fort Scott argued the cause, and *John L. Ibson,* of Fort Scott, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for breach of implied warranties on the part of defendant in failing to construct a frozen food locker plant in conformity with the terms of a construction contract.

The all decisive issue raised by the appeal is such that detailed allegations of the pleadings are of little consequence and would merely encumber our opinion. For that reason all pleadings will be briefly summarized.

Plaintiff's third amended petition filed in the district court of Bourbon county on June 24, 1949, alleges the execution of a contract between plaintiff and defendant for the construction of a frozen food locker plant for a price stated. It then asserts the plant was constructed in such a faulty, defective and unworkmanlike manner that it was of little if any value for the purpose for which it was constructed, sets forth in detail the damages alleged to have been suffered by plaintiff as a result of such faulty construction and asks for recovery thereof.

The defendant contested the claims made in the petition by an answer and cross-petition. For our purposes it can be said that in his answer he admitted the execution of the contract, denied generally all allegations of the petition pertaining to defects in the installation of the locker plant, asserted that if there were any defects therein the same were due to the fault and negligence of plaintiff and finally charged that on February 11, 1949, after plaintiff had asserted the plant had been defectively constructed, he and the plaintiff fully settled and compromised all of their differences and disputes of every kind and nature with respect thereto by the plaintiff executing a note and chattel mortgage to him in the sum of $1425.12, being the full amount of the balance due for the construction of such plant, on which note and mortgage plaintiff had made payments at the rate of $50 per month until a short time before the date of the filing of the petition. Copies of this note and mortgage, the latter instrument containing a statement it was given for the balance due on the locker plant, were attached to and made a part of such answer. Defendant's cross-petition contained two causes of action in each of which he incorporated by reference all allegations set forth in his answer. By additional allegations of his first cause of action he asserted execution of the note for $1425.12 on February, 1948, payable in installments at $50 per month, commencing on March 15, 1948, and averred that to secure the payment of such amount plaintiff, on the same date, executed a chattel mortgage on the locker plant, an adding machine and a fan, the terms of which provided that if default be made in any installment due on the principal of the note then the whole sum of such note should become immediately due and payable at his option. He then alleged that plaintiff had defaulted in the $50 payment due on August 15, 1948, that he had declared the balance due on the note in the sum of $1175.12 due and payable and asked for judgment in that amount and for foreclosure of his chattel mortgage. Further allegations of his second cause of action were to the effect plaintiff was indebted to the defendant upon an account for repairs, labor and merchandise furnished to plaintiff in the sum of $210.78 for which amount he also prayed judgment. Copies of the note, mortgage and the account duly verified, referred to in such pleadings, were attached to and made a part thereof.

Plaintiff's response to defendant's answer and cross-petition was an unverified reply and answer. In his reply he admitted execu-

tion of the note and mortgage set forth in defendant's pleadings but denied they constituted a settlement or compromise of his claim against defendant. Allegations of his answer to the cross-petition were to the same effect with an additional denial that he was indebted to defendant in any sum on the verified account sued on in the cross-petition. Both his reply and answer contained other allegations and averments, asserted as defenses to the note, mortgage and the verified account, which for reasons presently to be disclosed are immaterial to the decisive issue to which we have heretofore referred and for that reason need not be mentioned.

After the plaintiff had filed the foregoing reply and answer to defendant's answer and cross-petition defendant demurred to such pleadings for reasons (1) the reply failed to state facts sufficient to constitute a defense to his answer and (2) the answer to his cross-petition did not contain facts sufficient to constitute a defense to the two causes of action set forth by him in that pleading. At the same time he filed a motion for judgment on the pleadings on grounds, among others, (1) that the reply and answer to his cross-petition were unverified and hence set up no defense whatsoever to his answer and cross-petition and (2) that plaintiff's pleadings did not state facts sufficient to constitute a defense to such answer and cross-petition. Thereafter the trial court indicated this demurrer should be overruled, that the motion for judgment on the pleadings should be sustained only so far as it related to the first cause of action set forth in defendant's cross-petition, and that otherwise such motion should be overruled.

Following action by the trial court, as heretofore stated, it rendered a judgment against plaintiff for the full amount of the note sued upon by defendant in the first cause of action set forth in his cross-petition and at the same time directed the amount thereof could be taken into account by the jury and off set against damages sustained by plaintiff, if any. In addition it rendered judgment against the defendant overruling his demurrer to plaintiff's reply and answer to his cross-petition and denying him all other relief sought by his motion for judgment on the pleadings. Defendant perfected an appeal from this judgment in due course. Plaintiff did not cross-appeal.

An examination of appellant's specification of errors raises two issues which, if decided in his favor, will dispose of this lawsuit, one to the effect the trial court erred in overruling his demurrer to

appellee's reply and the other that it was error to overrule his motion for judgment on the pleadings. For all important purposes the issue raised by each of these assigned errors is the same. Upon resort to the preceding factual statement it will be observed the motion for judgment on the pleadings contained a demurrer within its terms. For that reason we shall treat the motion as tantamount to a demurrer and, without laboring contentions respecting the ruling on the demurrer, turn directly to claims advanced by appellant regarding the trial court's error in failing to sustain such motion and render judgment in his behalf.

The gist of appellant's contention on the issue thus raised by this specification of error is that under provisions of our statute and our decisions construing their force and effect he is entitled to judgment on such motion because appellee's reply and answer to his answer and cross-petition are unverified and therefore fail to state a defense against either his answer or his cross petition. Let us see.

Sections of the statute relied on by appellant as supporting his position and which must be given consideration in determining whether it is to be upheld are G. S. 1935, 60-729 and 60-748. The first of such sections reads:

"In all actions, allegations of the execution of written instruments and endorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney. In all actions founded on written instruments for the unconditional payment of money or on a verified account for goods sold and delivered, or a verified claim for the wages of the plaintiff for his personal services, the answer shall be verified by the defendant, his agent or attorney." (G. S. 1935, 60-729.)

The second provides:

"Every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall for the purposes of the action be taken as true; but the allegation of new matter in the reply shall be deemed to be controverted by the adverse party, as upon direct denial or avoidance, as the case may require. A demurrer to a reply shall not be held to admit any of the facts alleged in such reply for any purpose other than to determine the sufficiency thereof. Allegations of value, or of amount of damages, shall not be considered as true by failure to controvert them; but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only." (G. S. 1935. 60-748.)

That under the provisions of 60-729, *supra*, the answer to a petition in an action founded on a written instrument for the unconditional payment of money or on a verified account for goods sold and delivered must be verified and that failure to verify such an answer leaves the written instrument or the verified account, as the case may be, admitted and not open to any defense pleaded or even suggested therein is no longer an open question in this jurisdiction. See e. g., *Topping v. Tuckel,* 159 Kan. 387, 388, 155 P. 2d 427; *Niebauer v. Bivins,* 149 Kan. 260, 268, 87 P. 2d 619; *Christy v. Kinsinger,* 149 Kan. 437, 87 P. 2d 615; *Smith v. Jones,* 145 Kan. 892, 67 P. 2d 506; *McCray Lumber Co., v. Terry,* 128 Kan. 529, 533, 278 Pac. 746; *Hamson v. Babbitt,* 123 Kan. 32, 254 Pac. 332; *Walker v. Fleming,* 37 Kan. 171, 177, 14 Pac. 470; *Missouri River, Ft. S. & G. R. Co., v. Wilson,* 10 Kan. 105.

For a further illustration see page 400 of the opinion in *Greensburg Production Credit Ass'n v. Buckner,* 152 Kan. 398, 400, 103 P. 2d 881, which adheres to the same principle and where, in disposing of a claim a defense of fraud in the inception of an instrument was not in issue under allegations of an unverified answer, it is said:

"To meet this argument defendants argue first that they could prove a defense, such as fraud, in the consideration of a note without verifying their answer. Several cases are cited which hold to that effect. The trouble with that argument is that since the revision of the code in 1909 the rule has been as stated above and a verification is necessary to raise any issue."

In an effort to avoid the force and effect of the rule announced in the foregoing decisions appellee suggests it has no application except to answers in cases where the action as originally instituted is founded on a written instrument for the unconditional payment of money or on a verified account for wages or goods sold and delivered. This suggestion, in our opinion, has little merit.

It is to be noted that the provisions of 60-748, *supra,* provide that every material allegation (1) of the petition not controverted by the answer and (2) of new matter in the answer not controverted by the reply, shall for the purpose of the action be taken as true. When this section is read in connection with the requirements of 60-729, *supra,* we are convinced that the phrase "not controverted" as used therein means not controverted in the manner contemplated by the terms of 60-729, *supra.* We hold therefore that such section has application to allegations relating to written instruments for the unconditional payment of money or verified accounts for wages or

goods sold and delivered even though they are set up in an answer as new matter in defense to the cause of action set forth in a petition and that such instruments or accounts must be denied by a verified reply, else they will be deemed to have been admitted and not open to any defense pleaded in such reply. Indeed this was the rule in this jurisdiction long prior to 1909 when all that was to be found in 60-729, *supra*, was the first sentence now appearing therein, the last sentence thereof having been added thereto by amendment (L. 1909, Ch. 182 § 110).

See *C. B. & Q. Rld. Co. v. Imhoff*, 3 Kan. App. 765, 45 Pac. 627, which reads:

"When the answer alleges the execution of a written contract of settlement of the matters in difference between the parties, and no denial thereof is made under oath by the plaintiff, the execution of such contract is admitted, together with all natural inferences to be made therefrom. If the plaintiff desires to avoid the legal effect of such contract, it is necessary that he plead the facts upon which he relies for that purpose; otherwise, evidence in proof thereof is not admissible." (Syl.)

See, also, *Aiken v. Franz*, 2 Kan. App. 75, 43 Pac. 308, which holds:

"Where the answer of the defendant denies the truth of the allegations of the plaintiff's petition, and then sets up a counterclaim and an itemized account thereof, and the same is verified by the affidavit of the defendant as true, the same must be taken as true, unless the denial thereof is verified by the affidavit of the plaintiff, his agent or attorney." (Syl. ¶ 2).

It should perhaps be added that since 60-729, *supra*, was amended in 1909, which amendment, we pause to note, added to instead of taking from the requirements of such section as it had theretofore existed, this court, with particular reference to the sufficiency of replies to answers of the character there—and here—involved, has recognized and applied the rule announced in the two decisions from which we have just quoted. (See *White Sewing Machine Co. v. Edwards*, 120 Kan. 151, 152, 242 Pac. 129; *Starr v. Cook*, 127 Kan. 122, 123, 124, 272 Pac. 138; *Septer v. Boyles*, 134 Kan. 339, 340, 5 P. 2d 785; *McKay v. Clark*, 162 Kan. 653, 178 P. 2d 679.)

Briefly reviewing the factual situation disclosed by the record it appears that in ruling on the motion for judgment on the pleadings the trial court had before it (1) a petition stating a cause of action in damages for breach of warranties under a construction contract; (2) an answer denying liability under that contract and asserting that all damages claimed in the petition had been fully compromised and settled by the execution of a note, on which pay-

ments had been made until shortly before commencement of the action, secured by a chattel mortgage which by its terms stated the note represented the balance due on the contract; (3) a cross-petition asking for judgment for the balance on such note, foreclosure of the mortgage, and judgment on a verified account for labor and goods sold and delivered; (4) an unverified reply to the answer and an unverified answer to the cross-petition. In addition the record reveals that notwithstanding one of the grounds of the motion for judgment on the pleadings was based upon the premise the pleadings last mentioned were unverified and hence constituted no defense to the answer and cross-petition no attempt was made to verify them either prior to or after rendition of the judgment in district court.

In the face of pleadings such as have been heretofore outlined we have little difficulty in concluding, that under the sections of the statute to which we have heretofore referred and our decisions construing their force and effect, the trial court erred in failing to sustain appellant's motion for judgment on the pleadings in its entirety. The legal effect of appellee's failure to file a verified reply and answer to the appellant's answer and cross-petition was the same as if he had filed no pleadings at all. It left allegations of appellant's answer and cross-petition relating to execution of the note and mortgage as a compromise settlement, the correctness of the verified account and the amount due on both the note and account undenied and it presented no issue of fact with respect thereto. In such a situation appellant was entitled to have his motion for judgment on the pleadings sustained and to judgment as prayed for in his answer and cross-petition. It follows the trial court erred in sustaining only a portion of the motion for judgment on the pleading and that its judgment must be reversed with directions to render judgment in favor of appellant as indicated herein.

It is so ordered.