No. 26,879.

E. W. HAMSON, as THE E. W. HAMSON LUMBER COMPANY, *Appellee*, v. MRS. D. C. BABBITT, alias GEORGIA P. BABBITT, *Appellant*.

SYLLABUS BY THE COURT.

1. ACCOUNT, ACTION ON—*Verified Account—Necessity that General Denial be Verified.* The action was founded on a verified account for building material sold and delivered by plaintiff. Defendant did not desire to contest sale and delivery of the material, the items of the account, or the balance due and unpaid. Her defense was, the material was not sold and delivered to her, but to her deceased husband, for whose debt she was not liable. The answer was an unverified general denial. *Held,* the answer raised no issue and stated no defense.

2. PLEADING—*Motion for Judgment—Failure to Specify Ground.* After a jury was impaneled, plaintiff moved for judgment on the pleadings. No ground for judgment on the pleadings was stated, and the motion was properly denied.

3. SAME—*Motion for Judgment—Subserving Purpose of Verified Answer.* The opening statement to the jury on behalf of defendant fully presented the defense; plaintiff proceeded to introduce his evidence, and defendant announced the account was not contested. When her side of the case was reached, defendant was sworn as a witness, and testified to the facts constituting her defense. *Held,* all the purposes of a verified answer had then been subserved, and a subsequent motion for judgment on the pleadings was properly denied.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed March 12, 1927. Affirmed.

*William Keith,* of Wichita, for the appellant.
*Benjamin F. Hegler* and *A. V. Roberts,* both of Wichita, for the appellee.

Appeal and Error, 3 C. J. p. 1444 n. 3. Pleading, 31 Cyc. pp. 82 n. 11, 534 n. 59, 537 n. 91, 606 n. 26, 607 n. 28, 663 n. 82; 21 R. C. L. 594.

The opinion of the court was delivered by

Burch, J.: The action was one on a verified account for lumber and building material which the petition alleged plaintiff sold and delivered to defendant. The answer was a general denial. After a jury was impaneled, plaintiff moved for judgment on the pleadings. The motion was denied, the case was tried by a jury, and a verdict was returned for defendant. Plaintiff moved for a new trial, and again moved for judgment on the pleadings. The motion for new trial was allowed, and the motion for judgment was denied. Defendant appealed from the order granting a new trial, and plaintiff appealed from the orders denying the motion for judgment.

Defendant has filed no brief in support of her specifications of error, and her appeal is dismissed.

Plaintiff's appeal presents an important question not heretofore specifically decided by this court. The statute, with numbers in brackets interpolated, reads as follows:

"[1] In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney. [2] In all actions founded on written instruments for the unconditional payment of money or on a verified account for goods sold and delivered, or a verified claim for the wages of the plaintiff for his personal services, the answer shall be verified by the defendant, his agent or attorney." (R. S. 60-729.)

The petition alleged that defendant purchased the lumber and building material, and that plaintiff sold and delivered to defendant the lumber and material. The answer contained no affirmative statement of facts to which verification was applicable. (*Kimble v. Bunny*, 61 Kan. 665, 60 Pac. 746.) Defendant did not desire to dispute the account, and the general denial admitted plaintiff sold the goods for the prices stated in the itemized account, and the balance was due and unpaid. Defendant did desire to dispute that the goods were sold and delivered to her. Her defense was, the goods were sold and delivered to her deceased husband, on his credit, and she was not liable for his debts. In form, her answer denied those allegations of the petition which asserted the goods were sold and delivered to her. Since the action was based on a verified account

3—123 Kan.

for goods sold and delivered, was defendant required to plead that the goods were not sold and delivered to her, and to verify the pleading?

Previous to 1909 the code provision relating to allegations taken as true unless denied under oath consisted of the first subdivision of the section quoted above. When the code was revised in 1909 the second subdivision was added. The purpose of the addition was threefold: First, to narrow issues to those matters only concerning which there is genuine dispute; second, to apprise plaintiff of the nature of the defense to a note or account or claim for wages, so that he may reply advisedly and may intelligently prepare for trial; third, to forestall sham defenses by requiring defendant, his agent, or attorney, to swear to the truth of the answer. Defendant's answer fulfilled none of these purposes, raised no issue, and stated no defense.

Pleadings ought to be settled before trial, and objections to pleadings delayed until the trial has commenced are not favored unless they vitally affect the merits of the cause of action or the defense. Plaintiff waited until the jury was empaneled, and then made a blind motion for judgment on the pleadings. No ground of motion was stated. The motion was equivalent to a demurrer to the answer, and it is never sufficient for a party to say, "I demur." Grounds of demurrer must be stated, and so far as this record discloses the court's attention was not called to the precise nature of the petition and to the fact the answer was not verified until after the motion had been denied. The result is, plaintiff's first motion for judgment was properly denied.

After the motion for judgment was denied, plaintiff's attorney made a statement of plaintiff's case. Defendant's attorney then made a full statement of her defense. Plaintiff did not indicate surprise, did not ask for time to prepare to meet the defense, and proceeded to introduce his evidence. Early in the direct examination of the first witness the following occurred:

"MR. KEITH: We don't deny that he furnished the lumber for that house. We are simply denying that we ever made any contract for it or had anything to do with it."

After plaintiff's evidence was concluded, defendant was sworn as a witness in her own behalf, and gave testimony in support of the defense which her attorney had outlined. It thus appears that when

the second motion for judgment on the pleadings was made, all the purposes of a verified answer had been subserved. Uncontested matters had been eliminated, plaintiff had been apprised of the nature of the defense, and good faith of the defense had been attested by oath of defendant. The result is, the question whether defendant should have filed a verified answer was no longer of consequence. A new trial has been granted, and if the district court had erred in denying either motion for judgment, this court would not now direct judgment to be entered on the pleadings.

The judgment of the district court is affirmed.