No. 30,617.

THE GRAND LODGE, KNIGHTS OF PYTHIAS OF KANSAS, *Appellee*, v. THE CENTRAL STATES FIRE INSURANCE COMPANY, CHARLES G. BRYANT, THE ANDOVER STATE BANK, FRED D. WILSON and G. M. MONTGOMERY, *Appellants*.

(15 P. 2d 466.)

Opinion filed November 5, 1932.

*C. L. Kagey, Hal M. Black,* both of Wichita, and *W. N. Calkins,* of El Dorado, for the appellants.

*Lew E. Clogston* and *E. E. Enoch,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a fire insurance policy. The jury answered special questions and returned a verdict for plaintiff. Defendant has appealed.

Crescent Lodge No. 209 of the Knights of Pythias owned a building at Benton, Kan., in which was its lodge hall and on which there was a mortgage to the Andover State Bank. On December 21, 1925, it applied for and received from the defendant company a policy of fire insurance on its building for $1,500 and paid the pre-

mium thereon. A mortgage clause was attached to the policy, which was left with the mortgagee.

On November 18, 1926, the proper officers of the Grand Lodge of Knights of Pythias suspended the charter of Crescent Lodge No. 209 for reasons which authorized such action under laws, rules and regulations of the order. The laws of the order provided, among other things, that whenever the charter of a subordinate lodge is surrendered, suspended or revoked, "title to any and all real estate or personal property owned by such subordinate lodge shall thereupon vest in and become the property of the Grand Lodge, to be held or disposed of as the Grand Lodge may direct." Complying with the orders of the Grand Lodge and the laws, rules and regulations of the order, the officers of Crescent Lodge No. 209 surrendered its charter and its real and personal property to the Grand Lodge.

On December 14, 1926, the insured building burned. About ten days later the Grand Lodge made proof of loss. On February 28, 1927, the insurance company denied liability to the Grand Lodge, stating as its reason that the policy was issued to Crescent Lodge No. 209, and, so far as the insurance company was concerned, there had been no transfer of title to its knowledge, and that the evidence presented to it relative to transfer of title to the Grand Lodge was not deemed sufficient. On March 9, 1927, the persons who had been the principal officers of Crescent Lodge No. 209 executed to the Grand Lodge a written assignment and transfer of property. On March 11, 1927, the insurance company paid the mortgagee $627.53, being the balance due on its mortgage, took its receipt and the receipt of the persons who had been the officers of Crescent Lodge No. 209, acknowledging full payment and discharge of the insurance company of all claims under the policy, and took possession of the policy.

Thereafter the Grand Lodge brought this action, alleging the matters above mentioned with more particularity than is here set out, further alleged that after the charter of Crescent Lodge No. 209 had been surrendered it advised the insurance company of that fact and of the change of title by reason thereof; that the officers of Crescent Lodge No. 209, and of the Grand Lodge, went to Charles G. Bryant, who was alleged to be a general agent of the defendant insurance company, exhibited to him the papers showing the surrender of the charter and the passing of the title to the property to the Grand

Lodge under its laws, rules and regulations, and orally requested him to make a transfer of the policy to the Grand Lodge; and that the agent promised and agreed to do so.

Plaintiff alleged that it could not attach the original policy, or a copy thereof, for the reason that it was in the possession of the defendant insurance company, whose officers had refused to deliver it to plaintiff or to permit it to inspect it. The petition further alleged that the defendant insurance company, its general agent and its adjuster, and the mortgagee had conspired together to defraud plaintiff out of the sum due it under the policy at the time the insurance company made the payment to the mortgagee, but these allegations are no longer important in this case.

The insurance company answered, admitting the issuance of the policy, alleged that it had mailed the policy to the state superintendent of insurance, who had been unable to locate it, and attached to its answer what it alleged was a stock form of policy "similar" as to conditions and agreements to that contained in the policy issued to Crescent Lodge No. 209. It specifically denied that Charles G. Bryant was its general agent, denied that the local officers of Crescent Lodge ever discussed with him the matter of making a transfer of the policy prior to the fire, denied that it had any knowledge of such a transfer of ownership of the property prior to the fire, and alleged that the transfer of ownership was not made so as to become effective until March 9, 1927; further alleged that the only party having any interest in the insurance on the building at the time of the fire was the mortgagee; denied that plaintiff had any interest therein, and alleged it was without authority from anyone to file proof of loss, and further alleged payment for all it was legally liable. The form of policy attached to the answer contained, among others, this clause:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if . . . any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process of judgment or by voluntary act of the insured, or otherwise . . ."

The reply denied *seriatim* all the new matter in the answer and specifically denied that the form of policy attached to the answer contained similar conditions and agreements to those contained in the policy issued to Crescent Lodge No. 209.

By its instructions the court, broadly speaking, submitted two

questions to the jury: First, whether the policy issued to Crescent Lodge No. 209 contained the provision relied upon by defendant to the effect that the policy became void if there was a change of interest, title or ownership other than by death of the insured, without the knowledge or consent of the insurer. On this issue the court placed the burden of proof upon the defendant and told the jury that unless it proved, by a preponderance of the evidence, that the policy contained this provision in substance the verdict must be for plaintiff. Second, the court advised the jury that if the policy contained the provision relied upon by the defendant, then, before plaintiff can recover, it must prove, by a preponderance of the evidence: (a) That at the time of the fire plaintiff was the owner of the insured property; and (b) that the insurer knew before the fire that the title to the property had been passed from Crescent Lodge No. 209 to plaintiff, and that its notice of transfer of title was such as to bind the defendant, the character of which notice was fully explained in the instructions. Appellant makes no complaint of any of the instructions.

In addition to the general form of verdict the court submitted twelve special questions to the jury. By answers to these the jury found that Charles G. Bryant was not a general agent, but was a soliciting agent of the insurance company; that he was not authorized by the insurance company to transfer insurance policies where there had been a change of title or interest in the property; that the members or trustees of Crescent Lodge No. 209 had not notified Bryant of the change of ownership of the property prior to the time of the fire; that Bryant did not notify the insurance company of such change prior to the fire. The jury was unable to state whether the policy was changed by the insurance company to the Grand Lodge. It found that the officers of the Grand Lodge, on or about November 18, 1926, notified Bryant that Crescent Lodge No. 209 had surrendered its charter and the Grand Lodge had taken possession of and was the owner of the property and had requested him to have the policy assigned or transferred to the Grand Lodge, and that at the time the insurance company paid the mortgagee the president of the insurance company and its adjuster knew that Bryant knew before the fire that Crescent Lodge No. 209 had surrendered its charter and that the Grand Lodge had become the owner of all of the property. When the verdict and answers to special questions were received the court looked at them and con-

cluded that it would like to have the answer of the jury to the following special question:

"It is admitted by all the parties that an insurance policy was executed and delivered by the Central States Fire Insurance Company to said Crescent Lodge No. 209. Did said insurance policy have as one of its provisions a provision in substance that said policy would become null and void if there was a change in the interest or title of said Crescent Lodge in the insured property, unless the consent of the insurance company to such change was first obtained?"

The jury was asked to retire and answer that question. It later returned, answering it in the negative. Thereafter the court rendered judgment for plaintiff on the general verdict and the answers to the special questions.

Turning now to the questions argued by appellant in this court. Appellant first complains of the court submitting the last special question to the jury. The result would have been the same had this question not been submitted and answered as it was, for the jury having answered the first twelve special questions as it did, the only basis on which it could have reached a general verdict for plaintiff would have been on a finding by the jury that the clause relied upon by defendant was not in the policy issued to Crescent Lodge No. 209. The general verdict of the jury always includes a finding favorable to the verdict upon all questions not negatived by special findings. It was within the discretion of the trial court to request the jury to answer this question specifically. Requiring the jury to answer that specific question was more favorable to the defendant than otherwise, for had it answered that question in the affirmative it would have nullified the general verdict. There was no error in this respect.

Appellant contends that the question should not have been submitted because the reply of the defendant, specifically denying that the policy issued to Crescent Lodge No. 209 contained a clause relied upon by defendant, was not verified. In this court there is a controversy about whether it was verified. We do not regard the controversy as important. It is clear no question of lack of verification of reply was raised in the trial court. The case was tried and submitted to the jury by instructions not complained of as though the reply had been verified. Appellant is not in position to raise that question for the first time in this court. (*Livingston v. Lewis,* 109 Kan. 298, 301, 198 Pac. 952.)

Appellant argues that the clause relied upon by it is one of the

clauses of what is commonly known as the "standard" fire insurance policy, the provisions of which are so well known that this court will take judicial knowledge of them. Even if the court would go so far it would not help the appellant in this case. Defendant is a local company, and whether it issues one or more forms of policy is not disclosed by the record in this case, and this court has no way of knowing. We do observe that defendant in its answer apparently was not willing to allege that the form of policy attached to its answer was a copy of the policy issued, or that its provisions were identical with those of the policy issued. As far as it would go was to say that the provisions of the policy were "similar" to the policy issued. The record indicates strenuous efforts on behalf of appellant to prevent plaintiff from inspecting the policy which was issued. Because of appellant's efforts in that particular the jury and trial court might well have concluded that there was some important reason why appellant did not want plaintiff or its counsel to have a true copy of the policy which was actually issued, or even an opportunity to inspect it.

Appellant contends that judgment in its favor should have been rendered on the answers to the special questions first submitted to the jury. The point is not well taken. The court had before it, not only the answers to the special questions, but the general verdict, and later had the answer to the additional special question. But, as we have seen, the general verdict could have stood and, in fact, under the instructions of the court should have stood, if the last special question had not been submitted, notwithstanding the answers to the first group of special questions submitted.

At the oral argument in this court counsel for appellee suggested that upon the dissolution of Crescent Lodge No. 209 the passing of title to its property to the Grand Lodge, under the laws, rules and regulations of the order, is tantamount to the devolution of property by an individual who dies intestate—that it was the "death of the insured," within the meaning of the policy—even if the clause in question were a part of the policy issued. Perhaps there is force in this suggestion, but we cannot consider it for the reason it was not passed upon, nor even raised, in the trial court and has not been briefed here.

We find no error in the record, and the judgment of the court below is affirmed.

Hutchison, J., not sitting.