No. 32,823

John Lukomske and Elizabeth Lukomske, *Appellants*, v. Charles
E. Harris, Georgia M. Harris et al., *Appellees*.

(57 P. 2d 20)

Opinion filed May 9, 1936.

*J. H. Brady* and *N. E. Snyder*, both of Kansas City, for the appellants.
*David J. Smith*, of Kansas City, for the appellees

The opinion of the court was delivered by

Hutchison, J.: This was a foreclosure action, and it involves the
question of whether the provision in the mortgage promising to pay
the taxes, and if not paid, authorizing the mortgagees to pay them
and recover the same with interest, is an obligation for an uncondi-
tional payment of money.

R. S. 60-729 requires that—

". . . In all actions founded on written instruments for the unconditional
payment of money . . . the answer shall be verified by the defendant, his
agent or attorney."

The petition is in the usual form, attaching a copy of the note and
mortgage and copying in the petition some provisions of the mort-
gage, one of which is as follows:

". . . the said first parties agree to pay all taxes and assessments of
whatever nature levied upon said premises before the same become delinquent;
and if not so paid the legal holder of this mortgage may, without notice, de-
clare the whole sum of money herein secured due and payable at once, or may
elect to pay such taxes or assessments, and shall be entitled to recover the
amount so paid, with interest at the rate of ten percent per annum, and this
mortgage shall stand as security therefor."

The petition alleges the failure of defendants to pay the taxes for the years 1932, 1933 and 1934, and that they were paid by the mortgagees in the sum of $408.25 on August 19, 1935. The defendants, makers of the note and mortgage, filed an unverified answer, to the effect that they do not know who paid these taxes, concluding as follows:

". . . and the defendants, therefore, deny that payment was made by the plaintiffs. If it appears upon proof that payment was made by the plaintiffs the said defendants deny that the plaintiffs are entitled to interest in excess of 6 percent per annum."

The plaintiffs first filed a motion for judgment on the pleadings, which was overruled. They then filed a demurrer to the unverified answer, which was also overruled. An appeal was taken by plaintiffs from both these adverse rulings. The answer did not contain a general denial or any special denial except with reference to the taxes as above stated, nor did it set up any counterclaim or ground of affirmative relief. Was the unverified answer sufficient to put in issue the right of the plaintiffs to recover for the taxes claimed to have been paid by them and interest thereon at ten percent?

The appellees in support of the favorable ruling claim that the action rests on a dual basis, first for recovery upon a note and second for recovery of money alleged to have been paid for taxes, and that the latter is manifestly not founded on a written instrument for the unconditional payment of money. This reasoning would more nearly apply to some of the other provisions of the mortgage than the payment of taxes—for instance, the promise to keep the buildings and fences in good repair and to permit no waste, both of which requirements immediately follow the tax provision above quoted from the mortgage.

It is true one of the two written instruments, the note, can be considered and be the basis of a cause of action without reference to the mortgage, but not so with the mortgage. It is security for the payment of the note, and this one like all others refers to the note, and it is not complete or sufficient in itself for any purpose without the note. (*Black v. Barnes*, 142 Kan. 381, 46 P. 2d 625.)

This action is based upon both written instruments. The only remaining question is whether it is for the unconditional payment of money. The payment of taxes is the payment of money, because it takes money to pay taxes just as it does to pay premiums on fire insurance policies. The money is paid in both instances for the bene-

fit of the plaintiffs to protect their security for the payment of the note. Our attention is not directed to any condition affecting or concerning the payment of taxes. There was no condition mentioned in the instruments by which the defendants could avoid the payment of the taxes. The contract imposed that obligation. The duty of paying them imposed by the written instruments was unconditional. There was no stipulation, provision or prerequisite to the promise and obligation to pay the taxes.

The case of *Rose v. Boyer*, 92 Kan. 892, 141 Pac. 1006, was a suit on a note and for the foreclosure of a mortgage where the unverified answer contained a general denial, a special denial of ownership in the plaintiff and an allegation of fraud and collusion between the payee and the plaintiff, but set up no counterclaim or ground of affirmative relief, and it was held:

". . . that such answer being unverified, the plaintiff was entitled, under section 110 of the civil code (R. S. 60-729), to judgment on the pleadings." (Syl.)

The case of *Hamson v. Babbitt*, 123 Kan. 32, 254 Pac. 332, was decided under the same statute against the defendant because the answer was not verified. The action was on account for lumber and the answer was a general denial. In the opinion it was said:

"When the code was revised in 1909 the second subdivision was added. The purpose of the addition was threefold: First, to narrow issues to those matters only concerning which there is genuine dispute; second, to apprise plaintiff of the nature of the defense to a note or account or claim for wages, so that he may reply advisedly and may intelligently prepare for trial; third, to forestall sham defenses by requiring defendant, his agent, or attorney, to swear to the truth of the answer. Defendant's answer fulfilled none of these purposes; raised no issue, and stated no defense." (p. 34.)

In the case of *Stinson v. Bell*, 96 Kan. 191, 150 Pac. 603, the court affirmed a judgment rendered against the defendant who did not verify his answer in a foreclosure action on a note and mortgage where defects in both note and mortgage were urged by defendant.

In the case of *Nat'l Bond & Investment Co. v. Evans*, 118 Kan. 656, 236 Pac. 447, which was a replevin action, the verification section was referred to in the closing paragraph of the opinion as follows:

"A general denial is ordinarily a sufficient pleading of defense in a replevin action. The action was not upon an unconditional promise to pay, hence its verification was not imperative. (R. S. 60-729.)"

The distinction is readily recognized between a replevin action

and an action to recover judgment on a note and foreclose a mortgage which secures its payment. The note and mortgage in the case at bar were unquestionably written instruments for the unconditional payment of money, and this unconditional payment of money applied to the payment of the taxes as well as the payment of the note and the interest on both at the rate specified in the note and mortgage. R. S. 60-729 requires that answers in such actions must be verified in order to raise an issue. No issue being raised, the motion of plaintiffs for judgment on the pleadings should have been sustained, and the answer was demurrable.

As to the second point suggested by appellees, the failure of plaintiffs to plead possession of tax receipts or redemption certificates, we think such was not necessary under the mortgage contract.

The rulings of the trial court on the motion for judgment and demurrer to the answer are reversed, and judgment should be entered for plaintiffs on the pleadings. It is so ordered.