No. 33,362

DEAN S. SMITH, *Appellee,* v. CHARLIE W. JONES, *Appellant.*

(67 P. 2d 506)

Opinion filed May 8, 1937.

*Ward D. Martin,* of Topeka, for the appellant.

*Oscar Raines, Ralph F. Glenn, Wendell B. Garlinghouse* and *Iva Raines Glenn,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action upon a promissory note alleged by the plaintiff to have been purchased by him from the payee thereof before maturity for a valuable consideration and without knowledge of any defect therein or defense thereto and that he was the holder thereof in due course.

The answer admits the execution of the note and alleges that it was executed by reason of false representations and fraud of the payee thereof, setting the same out in detail. The answer further alleged that the plaintiff was not a holder of the note in due course and did not purchase the same from the payee in good faith and for a valuable consideration. The verification attached to the answer was limited to the allegations and averments therein concerning the execution of and consideration for the note to the payee. The reply was a general denial with the further allegation that the "answer is not sufficient to constitute a defense to the cause of action alleged in plaintiff's petition."

A jury was called and opening statements were made to the jury by attorneys for the plaintiff and defendant. At the close of the opening statement made by the defendant the attorney for plaintiff moved the court for judgment against the defendant maker of the note "for the reason the defendant's opening statement does not show a legal defense of the note in the hands of the plaintiff; the particular point being that the statement does not charge plaintiff had notice of fraud when he purchased the note or that Mr. Smith is not a holder in due course." The motion was urged upon the ground that the opening statement of defendant, which is set out in the abstract, did not contain any reference to the plaintiff's not being a purchaser of the note in due course, for a valuable consideration and without knowledge or notice of the fraud alleged to have been practiced on the defendant. The defendant asked leave of court to add that to the opening statement and to add an unqualified verification to the answer. These requests were denied by the trial court.

Then with permission of the court the plaintiff added to his motion for judgment that it be based upon the pleadings and that the answer was not verified as to notice to the plaintiff of the fraud; so that the motion, as amended, was for judgment for the plaintiff on the opening statement of the defendant and the pleadings. This motion was sustained and judgment was rendered for the plaintiff against the defendant for the amount of the note with interest and costs. Thereafter the defendant filed a motion to vacate and set aside this judgment and render judgment in favor of the defendant, which motion was overruled. The defendant appeals from both of these adverse rulings on motions for judgment.

Motions for judgment on the opening statements of adverse parties are usually based upon admissions made therein. (*Lindley v. A. T. & S. F. Rld. Co.*, 47 Kan. 432, 28 Pac. 201.) Here such motion is based by plaintiff upon the omission from the statement of a matter deemed essential by the plaintiff to a complete defense to the plaintiff's cause of action. Before a ruling was made upon this original motion there was coupled with it the pleadings, particularly the answer, having in view especially the limited verification thereof. A motion for judgment on the pleadings is equivalent to a demurrer to a pleading as was said in *Smith v. Lundy,* 103 Kan. 207, 173 Pac. 275:

"A motion for judgment on the pleadings invokes the trial court's judgment on questions of law as applied to the pleaded and conceded facts, and a judg-

ment thereon is equivalent to a ruling on a demurrer. It is a ruling on the merits of the action or defense as presented by the pleadings (Civ. Code, § 565), and its propriety or correctness is purely a question of law." (p. 208.)

The opening statement of counsel is properly considered under such motion together with the pleadings. (*Atlas Acceptance Corp. v. Davidson Bros.*, 139 Kan. 118, 123, 30 P. 2d 304.) In ruling upon a demurrer to the pleading its allegations are for the purpose of such ruling accepted as being true. In *Jacobs v. Vaill*, 67 Kan. 107, 72 Pac. 530, it was held:

"A demurrer does not admit the truth of the allegations of the pleading attacked except for the purpose of determining their legal effect." (Syl.)

In *Hogg v. Whitham*, 120 Kan. 341, 242 Pac. 1021, it was said:

"The admission that allegations of a pleading are true, implied from a demurrer to the pleading or from a motion for judgment on pleadings, is not an admission which establishes facts. The true attitude of the party demurring or moving is this: If the allegations of the petition be true in fact, they are nevertheless insufficient in law. If the demurrer be overruled, or the motion denied, he may still take issue on the facts. . . ." (p. 342.)

So we have here for the purpose of this motion of plaintiff for judgment on the opening statement and pleadings, particularly the answer, the legal argument to the effect that even if these allegations of the answer are true they constitute no defense to plaintiff's claim. Appellee drops the suggestion that the allegations of the answer cannot be regarded as true even for the purpose of this motion, which is equivalent to a demurrer, because all those allegations were denied in the reply. We cannot agree with that theory, because plaintiff has abandoned for the time being that denial so as to argue the legal proposition on his motion in the nature of a demurrer. Besides, there is no denial of the details contained in the opening statement. Those are the things which the defendant said he expected to prove. If he should prove them would it constitute a defense? Likewise, will the allegations of the answer, if accepted as true for the purpose of the argument, constitute a defense, or would both of them together constitute a defense?

There can be no question that this action was founded on a written instrument for the unconditional payment of money, and under G. S. 1935, 60-729, the answer should be verified. It was verified in part or to a limited degree whereas it should have been verified generally as to all its allegations. *Brown v. Railroad Co.*, 111 Kan. 338, 207 Pac. 196, discussed by both parties, recognizes a verification of a portion only of the allegations of the answer.

The answer in the case at bar plainly and positively denies the plaintiff's allegations about his being a purchaser in due course for a valuable consideration, but such denial is not verified, so we must disregard such denial as a part of the answer and consider only the part that has been verified, which is the same portion as that contained in the opening statement.

It is worthy of notice that the new and latter part of the section of the code above cited does not impose any conclusion for failure to verify an answer, as the first part does. It simply requires that it be verified, whereas the first and old part of the section provided that the allegations of the petition be taken as true unless the denial be verified. The case here under consideration comes under the new and latter part. So such unverified denials of the answer must be disregarded and treated as if they had not been made. This was the method followed in the case of *Hamson v. Babbitt,* 123 Kan. 32, 254 Pac. 332, where the purpose of this latter part of the code section was stated in the opinion as follows:

"When the code was revised in 1909 the second subdivision was added. The purpose of the addition was threefold: First, to narrow issues to those matters only concerning which there is genuine dispute; second, to apprise plaintiff of the nature of the defense to a note or account or claim for wages, so that he may reply advisedly and may intelligently prepare for trial; third, to forestall sham defenses by requiring defendant, his agent, or attorney, to swear to the truth of the answer. Defendant's answer fulfilled none of these purposes; raised no issue, and stated no defense." (p. 34.)

But we are not limited wholly in this case to the application of this code section, but take into consideration with it G. S. 1935, 52-509, under the heading of "Negotiable Instruments," which is as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. . . ."

Applying that rule to the opening statement and the pleadings in the case at bar, the plaintiff is undoubtedly deemed prima facie to be a holder in due course. But the burden of proving that he is a holder in due course is on the holder "when it is shown that the title of any person who has negotiated the instrument was defective." Plaintiff claims that it requires proof to show the instrument was defective.

Plaintiff cites *Draper v. Cowles,* 27 Kan. 484, where the presumptions of law and presumptions of fact were distinguished and a conclusion was reached requiring a pleading as to due course before judgment could be rendered. The decision is very informative, but it was written when no statute such as we now have existed and, besides, the parties to the action stood in exactly the reverse position. It was an action against the holder to avoid the paper in his hands, and the petition alleged only that it was fraudulently and illegally issued in the first instance, but failed to allege that the defendant was not a bona fide holder, and a demurrer to the petition was sustained. The court in the opinion referred to one statute only to the effect that presumptions of law need not be pleaded (G. S. 1935, 60-750).

Reference is made to the recent case of *Lukomske v. Harris,* 143 Kan. 916, 57 P. 2d 20, but there no part of the answer was verified and the action was upon a written instrument for the unconditional payment of money. Another recent case cited is *Fidelity Nat. Bank & T. Co. v. Cloninger,* 142 Kan. 558, 51 P. 2d 35, which was a mortgage-foreclosure case where the verified answer did not deny the execution of the note nor allege payment, and it was held not to raise a jury issue.

Our attention is called to a paragraph in the opinion in the case of *Leach v. Urschel,* 112 Kan. 629, 212 Pac. 70, where it was said:

"Moreover, the note being negotiable and properly endorsed, and plaintiff having possession of it, there was a presumption that he was the owner and that he had acquired it for value and in due course and before maturity. (*National Bank v. Emmitt,* 52 Kan. 603, 35 Pac. 213.) No further burden could be imposed on the holder (*Bank v. Myrick,* 108 Kan. 191, 193, 194 Pac. 648) until defendant had produced some substantial evidence showing fraud or other infirmity constituting a defense. (*Beachy v. Jones,* 108 Kan. 236, 241, 195 Pac. 184.)" (p. 634.)

The last sentence is particularly urged as a requirement that some substantial evidence be produced showing fraud or other infirmity constituting a defense before any burden would be imposed upon the holder of a promissory note. The language used is appropriate to the facts in the case. A verified answer had been filed. The case was tried to a jury, but after excluding most of the evidence offered by the defendant the court directed a verdict. Several early Kansas cases are cited which were decided before the latter part of both of the statutes above cited were enacted, and also some cases from

other states which are not shown to have the same or similar statutes in force.

A number of other Kansas cases are cited, but in substantially all of them the matter here under consideration arose after the actual introduction of the evidence of the defendant showing fraud which thus and then shifted the burden to the plaintiff. Among them are the following: *Beachy v. Jones*, 108 Kan. 236, 195 Pac. 184; *Security Co. v. Low*, 112 Kan. 153, 210 Pac. 190; and *Pioneer Trust Co. v. Combs*, 117 Kan. 89, 230 Pac. 302.

The case of *Consolidated Motors Co. v. Urschel*, 115 Kan. 147, 222 Pac. 745, is more nearly like the case at bar as far as the pleadings and statements are concerned. The pleadings were, in effect, the same as they are in this case, but in the opening statement to the jury the plaintiff's attorney admitted the fraud as alleged in the answer, and the defendant's attorney admitted that the plaintiff was the owner and holder of the note "for value and before maturity." The plaintiff then moved the court for judgment and the motion was sustained. This judgment was later set aside on appeal because the admission made by the defendant was not sufficient to establish the plaintiff's cause of action in that it did not admit that the plaintiff acquired the note in good faith and in ignorance of the fraud, but it being on a motion of the plaintiff for judgment the pleadings and the opening statements were treated the same as proof for the purpose of the motion.

The case of *Rothrock Stores v. Panzera*, 72 Pa. Superior Ct. 349, is exactly in point. The opinion contains a copy of the negotiable instruments act, which is literally like ours, and in an action by the holder of a negotiable instrument where the verified defense was fraud and misrepresentation and the plaintiff moved for judgment in his favor, it was held that—

"By virtue of the statute, therefore, as soon as it appears from the proof offered at the trial, or from a proper affidavit of defense in proceedings like the one before us, that the payee obtained possession of the instrument by force or fraud, the prima facie case of the holder is destroyed and the burden is cast on him to prove affirmatively that he had no notice of the defective title in the person from whom he took the instrument." (p. 351.)

We are convinced that the verified allegations of the answer as to fraud and misrepresentations, as well as the opening statement concerning the same, constitute, on a motion of plaintiff for judgment

on the opening statement and pleadings, the showing required by the statute to shift the burden of proof to the plaintiff as to his being a holder in due course. On such a motion these statements and verified allegations are taken as true, as on the consideration of a demurrer, and with the burden shifted to the plaintiff as to his being a holder in due course, proof on his part is necessary before he can recover. His motion for judgment should therefore have been overruled.

The motion of the defendant to set aside the judgment in favor of the plaintiff and render judgment for the defendant should consequently have been sustained as far as setting aside the judgment for plaintiff, but not as to rendering judgment for the defendant. The plaintiff, as before stated, accepted the statement and pleadings as true in urging his motion for judgment and abandoned the denial in his reply for the time being, but the defendant is confronted with such denial and cannot ask the court to accept the allegations of his answer and ignore the absolute denial thereof by the reply. This acceptance of the statement and allegations of the answer as true for the purpose of the plaintiff's motion is only to determine the legal effect in that connection and, as in the case of overruling a demurrer to a pleading, the allegations remain to be established just the same as if no such motion or demurrer had been filed.

Two other matters are presented in the briefs that have not been mentioned thus far in this opinion. One is the statement executed by the defendant at the same time he executed the note, which appellant designates as so unusual as to be a warning to the plaintiff. Under the comment made in the case of *Leach v. Urschel*, supra, and in *Hill v. Thixton &c.*, 94 Ky. 96, 23 S. W. 947, it does not appear to affect the relation between the parties to this action on the motion at least. The other point is the failure of the note to contain a statement of the purpose for which it was given as required by G. S. 1935, 17-1239. We do not think from the pleadings and statements now before us that the note was given for any of the purposes enumerated in that statute and therefore no such statement was required to be in the note.

The judgment of the trial court is reversed and the cause is remanded with direction to set aside the judgment rendered in favor of the plaintiff on his motion and to proceed with a trial of the issues. It is so ordered.