No. 34,175

R. B. Christy, *Appellee*, v. Samuel R. Kinsinger, *Appellant* (Carl Walter and R. D. Kopper, *Defendants*).

(87 P. 2d 615)

Opinion filed March 4, 1939.

*Ray McCombs,* of Ness City, for the appellant.
*A. S. Foulks* and *John C. Foulks,* both of Ness City, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action for money judgments on notes signed by three defendants, Carl Walter, R. D. Kopper and Samuel R. Kinsinger, and to foreclose an equitable mortgage, in the nature of a quitclaim deed, given by the defendant, Kinsinger, alone as security for the payment of the notes. The defendants, Walter and Kopper, did not answer and judgment was rendered against them on default. Issues were joined between the plaintiff and the defendant Kinsinger by a petition, unverified answer and a reply. The defendant, Kinsinger, assumed the burden of proof, as it is admitted he was required to do under the issues, and a demurrer was sustained to his evidence. The court found the allegations of plaintiff's petition were true and personal judgments were rendered only

against the defendants, Walter and Kopper, and a judgment in rem was rendered against the property pledged by Kinsinger as security for the notes. No motion was filed for a new trial or for stay of execution. No appeal was taken from the final judgment and the property has now been sold pursuant to the order of sale, and without protest or objection by any defendant. About eighteen days after final judgment, the defendant, Kinsinger, appealed only from the order of the trial court overruling his motion for judgment on the pleadings. No other defendant is involved in this appeal and we shall continue to refer to the appellant, Kinsinger, as the defendant.

Did the trial court err in overruling defendant's motion for judgment on the pleadings? Both plaintiff and defendant had filed and presented their separate motions for judgment on the pleadings, prior to the commencement of the trial. Both motions were overruled. For the purpose of those motions they had stipulated defendant would withdraw certain allegations contained in his answer which pertained to renewals and extension of the notes, and which renewals and extensions the answer alleged had been made without defendant's knowledge, consent or approval. The stipulation also provided that plaintiff would withdraw his reply, which consisted of a general denial to all matters pleaded in defendant's answer. Upon the basis of that express agreement and with the pleadings thus altered, the motions were presented to the court and were overruled. The court then permitted the plaintiff to refile his reply for the purpose of the trial on its merits. The journal entry covering those motions does not disclose whether the defendant requested to reinstate the matters withdrawn from his answer nor does it show such allegations were reinstated. The defendant did not object to the refiling of the reply nor to proceeding with the trial on its merits. He assumed the burden of proof and the action was tried by a jury. Assuming, without deciding, that under the circumstances the defendant is entitled to maintain the instant appeal, we shall consider the correctness of the rulings on his motion for judgment on the pleadings. In doing so we are, of course, under the stipulation, bound by the pleadings as they stood when the motions were presented. Those pleadings were the petition and the unverified answer.

The pertinent portion of the petition in substance alleged: One note was signed by R. D. Kopper and the defendant. The other note was signed by Carl Walter and the defendant. Both notes

were made, executed and delivered to the First National Bank of Ness City, for a valuable consideration, and were now past due and unpaid. Both notes, for a valuable consideration, were endorsed by the bank to its receiver, Charles A. Mermis, and the receiver, for a valuable consideration, endorsed and delivered them to the plaintiff, who is the owner and holder thereof. After the notes were due, the defendant, in order to secure the payment thereof, executed and delivered to the receiver an equitable mortgage in the form of a quit-claim deed, which mortgage deed the receiver, for a good and valuable consideration, assigned to the plaintiff, who is the owner and holder thereof. The defendants refused to pay the notes and the plaintiff has elected to foreclose the mortgage. The mortgage registration tax was paid. (Copies of the notes and mortgage deed were attached to and made a part of the petition.)

The unverified answer, after admitting the execution of the notes and mortgage, in substance alleged: The notes were given to the bank for the respective debts of Carl Walter and R. D. Kopper. When defendant signed the notes he was assured by the president and cashier of the bank he would not be expected to pay the notes, and that his signature was needed only to make the notes look better for the bank. His signature was for the accommodation of the bank. Plaintiff received title to the notes after maturity and was not a holder in due course. At the time of the execution of the mortgage the defendant was not indebted to the bank nor to the receiver. He received no consideration for the execution of the mortgage and the mortgage was without force or effect.

The plaintiff has not appealed from the order overruling his motion, and the order of the court, if erroneous as to him, need not be considered. The only question of present concern is whether the trial court erred in overruling the defendant's motion. The defendant admits his answer controverted no allegation contained in the petition. He contends, under the provisions of G. S. 1935, 60-729, it was unnecessary to verify the answer, as he did not deny but expressly admitted the execution of the written instruments pleaded in the petition. He contends he pleaded such facts which, admitting the execution of the notes and mortgage, constituted a defense to the averments of the petition. The difficulty with defendant's contention is that since the revision of the civil code in 1909, his answer was required to be verified generally as to all of its allegations and not merely as to the denial of the execution of

the written instruments sued upon. (*Hamson v. Babbitt*, 123 Kan. 32, 254 Pac. 332; *Smith v. Jones*, 145 Kan. 892, 67 P. 2d 506.) In the Hamson case the purposes of the new subdivision of the statute were first discussed and it was there said:

"Plaintiff's appeal presents an important question not heretofore specifically decided by this court. The statute, with numbers in brackets interpolated, reads as follows: '[1] In all actions, allegations of the execution of written instruments and endorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney. [2] In all actions founded on written instruments for the unconditional payment of money or on a verified account for goods sold and delivered, or a verified claim for the wages of the plaintiff for his personal services, the answer shall be verified by the defendant, his agent or attorney.' (R. S. 60-729.) . . .

"Previous to 1909 the code provision relating to allegations taken as true unless denied under oath consisted of the first subdivision of the section quoted above. When the code was revised in 1909 the second subdivision was added. The purpose of the addition was threefold: First, to narrow issues to those matters only concerning which there is genuine dispute; second, to apprise plaintiff of the nature of the defense to a note or account or claim for wages, so that he may reply advisedly and may intelligently prepare for trial; third, to forestall sham defenses by requiring defendant, his agent, or attorney, to swear to the truth of the answer. Defendant's answer fulfilled none of these purposes, raised no issue, and stated no defense." (pp. 33, 34.)

The answer in the instant case does not fall under the old or first subdivision of the present statute pertaining to a denial of the allegation of the execution of a written instrument. It pertains to other matters of alleged defense covered by the new or second subdivision of the statute which, unless verified, cannot be considered on the motions before us. In *Smith v. Jones*, supra, it was said:

"The answer in the case at bar plainly and positively denies the plaintiff's allegations about his being a purchaser in due course for a valuable consideration, but such denial is not verified, so we must disregard such denial as a part of the answer and consider only the part that has been verified, which is the same portion as that contained in the opening statement.

"It is worthy of notice that the new and latter part of the section of the code above cited does not impose any conclusion for failure to verify an answer, as the first part does. It simply requires that it be verified, whereas the first and old part of the section provided that the allegations of the petition be taken as true unless the denial be verified. The case here under consideration comes under the new and later part. So such unverified denials of the answer must be disregarded and treated as if they had not been made." (p. 895.)

The defendant cannot obtain a reversal of an erroneous ruling made in his favor. Should the defendant prevail on appeal, this court, in effect, would be vacating a final judgment rendered against him after a trial on the merits, and it would be doing so on the ground the trial court previously made an erroneous ruling in his own favor when it overruled the plaintiff's motion. Obviously that will not be done. The erroneous ruling resulted in the defendant's advantage and saved for him the opportunity of proving the defense which his answer attempted to plead. In that opportunity he failed.

Had the defendant not stipulated and expressly agreed to have plaintiff's reply withdrawn for the purpose of obtaining a ruling on the motions for judgment on the pleadings, we might be confronted with the question of whether the plaintiff had waived the lack of verification by filing a reply. The defendant does not argue the question of waiver and indeed could not well do so in view of his express agreement the reply should not be considered in passing on the motions.

The status of the pleadings as it existed, in the instant case, when the court ruled on the motions should not be confused with circumstances existing in other cases decided by this court in which a party did not call the attention of the trial court to the lack of a verified pleading when demurring or objecting thereto, or when he did so too late, and then sought to reverse the ruling, as in *Livingston v. Lewis,* 109 Kan. 298, 198 Pac. 952; *Hamson v. Babbitt,* supra; *Grand Lodge Knights of Pythias v. Central States Fire Ins. Co.,* 136 Kan. 346, 15 P. 2d 466. The reasoning and the plain justice of those decisions cannot be doubted, but the circumstances there were entirely different and are not in point as to the ruling on defendant's motion in this case. The decision in the case of *Hamson v. Babbitt,* supra, will clearly illustrate the distinction. In that case this court was asked to reverse the ruling of the trial court for its failure to sustain plaintiff's motion for judgment on the pleadings in which the answer was unverified. We refused to do so for the reason the motion was not made until the jury had been impaneled and no defect in the answer was even then called to the court's attention. The second motion for judgment on the pleadings in that case was lodged after the evidence of the defendant had been introduced under oath and the purpose of a verification had been subserved. In the instant case, however, the situation is reversed. Here the motions were presented and ruled upon before trial. Furthermore, the ruling of the

court on defendant's motion was proper and the plaintiff has not appealed from the ruling on his motion. In the instant case it is too clear to admit of argument that the failure of the plaintiff to call the attention of the court to the absence of a verification becomes entirely immaterial. Were the plaintiff appealing from the order overruling his motion then his failure to direct the court's attention to the fact the answer was unverified would be properly before us for consideration, but certainly such failure on the part of the plaintiff cannot form a basis for the reversal of an entirely proper ruling on defendant's motion. The reasons or the grounds upon which the trial court overruled the motions are immaterial. The ruling on defendant's motion was correct and it is the only ruling concerning which he is entitled to be heard. In view of the fact the unverified allegations of the answer cannot properly be considered as having been pleaded, no defense was stated, and other contentions made, including those pertaining to the law of negotiable instruments, become immaterial.

Defendant urges, where both parties move for judgment on the pleadings, the court is obliged to render judgment in favor of one of the parties. Assuming that is an unvarying rule, which it is not, its application could not assist the defendant, as plaintiff's petition, standing alone, stated a cause of action against the defendant. The ruling did not injure the defendant, but resulted in his advantage, and he cannot be heard to complain.

While it is unnecessary to consider other contentions, we might state that had the answer been verified it would have been necessary to consider, on the question of the liability of an accommodation maker to a purchaser for value, in addition to G. S. 1935, 52-502 and 52-508, cited by the defendant, also, G. S. 1935, 52-306, and such cases as *Security Nat'l Bank v. West,* 120 Kan. 434, 438, 243 Pac. 1014; *Walker v. Reese,* 131 Kan. 200, 289 Pac. 425, and *Durham State Bank v. Wolf,* 142 Kan. 775, 777, 51 P. 2d 980.

The judgment is affirmed