No. 34,215

FRANZ SACHER, *Appellee,* v. H. W. PAIGE, *Appellant.*

(88 P. 2d 1013)

Opinion filed April 8, 1939.

*Albert M. Cole,* of Holton, for the appellant.
*C. F. Hurrel,* of Holton, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to recover a balance due on a mutual, open, current account which grew out of a certain business relationship of plaintiff and defendant which covered a period of years.

It appears that plaintiff was the owner of a business building in Holton in which he conducted a blacksmith shop. In 1922 he let part of the building to defendant for a garage. The agreed rent was $30 per month. The parties settled their account on or about Sep-

tember 11, 1928, on which date an item of $25.09 was carried forward and debited as the unpaid balance then due from defendant to plaintiff. The account now sued on consists of 92 debited items totaling $2,304.30 for blacksmith work, repairs, materials and supplies, and for rent, all set out in detail with dates and amounts, down to September 15, 1935. The account likewise shows 89 credited items, mostly for payments of cash by defendant, but which also includes several items for garage work and materials. The date of the last item credited was August 23, 1935. The total amount of credits was $1,466.12, which left the balance of $838.18 sued on in this action.

Plaintiff commenced his action on February 7, 1938. His petition set out his exhibited account, which was verified. He prayed judgment for the balance of the account and for interest from the date the action was begun.

Defendant's unverified answer denied the alleged indebtedness and prayed "that plaintiff be put to strict proof of the allegations of the petition," and also pleaded that plaintiff's causes of action, if any, arose more than three years prior to the commencement of the action and that they were therefore barred by the statute of limitations.

Plaintiff apparently sought no advantage from the fact that defendant's answer was unverified. (G. S. 1935, 60-729; *Hamson v. Babbitt*, 123 Kan. 32, 254 Pac. 332; *Cook v. Donner*, 145 Kan. 674, 66 P. 2d 587.) The cause came on for trial; a jury was waived; and plaintiff introduced his evidence and rested. So far as abstracted, that evidence merely shows that the agreed rent for that part of the building rented to defendant was to be $30 per month, and that plaintiff conducted his blacksmith shop in part of the same building. Appellant's abstract also states:

" 'Exhibit A' attached to plaintiff's petition is a copy of the items entered in the ledger, plaintiff's 'exhibit B.' The day books, plaintiff's 'exhibits A, C, and D,' contain records of the day-by-day charges and credits, except, during the last two and one-half years plaintiff did not 'mark the months rent due' in the day book, and only set down the credits allowed defendant."

To this evidence defendant interposed a demurrer on the ground that the account was barred by the statute of limitations—"particularly to any items of charge in favor of the plaintiff and against defendant, which items are charged prior to three years prior to the beginning of this suit, which was filed and summons issued [served] February 10, 1938."

The trial court overruled defendant's demurrer and gave judgment for plaintiff as prayed for.

Defendant appeals, contending that plaintiff's cause of action was not based on a mutual, open, current account as defined in our decisions. (*Spencer v. Sowers,* 118 Kan. 259, 234 Pac. 972, 39 A. L. R. 365.) He argues that the items of monthly rental for part of plaintiff's building were not proper to be included in the account, because each month's rent was a separate and distinct charge for which a separate action could have been maintained and eviction for nonpayment could have been enforced. There need be no quarrel with that general rule of law. But there is nothing in that rule of law which forbids the landlord and tenant to satisfy their obligations towards each other by the practice of a mutual, open and current account. (1 C. J. 672.)

In *Nedvidek v. Meyer,* 46 Mo. 600, the action was upon an open, mutual, current account of miscellaneous items, rent, board, services, and goods sold. There, as in the case at bar, there was a question whether items for rent could properly be included in such an account. In giving an affirmative answer to that question, the Missouri supreme court said:

"Whether the rent was recoverable in an action upon the account is a question which cannot be determined upon a motion in arrest. That is a matter to be settled by the evidence. If the parties had mutual dealings, and the rent became a subject of account between them, by mutual understanding and arrangement, it thereby became a proper matter of book charge, and recoverable in an action upon the account." (p. 601.)

Apparently the parties did deal with each other in that fashion, and this conclusion is confirmed by an examination of the items credited to defendant in the account sued on. While most of those credits were for payments of cash, there are also a number of credit items for work on car, items for work, items for fenders, speedometer, heater, and credits on "Klusmire's bill." The last items credited for work done by defendant are dated March 27 and August 23, 1935, which was less than three years before this action was begun.

No error in the record is made to appear, and the judgment is therefore affirmed.