No. 34,835

GREENSBURG PRODUCTION CREDIT ASSOCIATION, *Appellee*, v. H. H. BUCKNER and MAE W. BUCKNER, His Wife, *Appellants*, T. F. MONTFORD et al., *Defendants*.

(103 P. 2d 881)

Opinion filed July 6, 1940.

*R. F. Crick* and *M. C. Bucklin,* both of Pratt, for the appellants.
*O. G. Underwood,* of Greensburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action on a note and to foreclose a chattel mortgage. Judgment was for plaintiff. Defendants appeal.

The petition alleged the execution of the note and mortgage, the sale of certain property and the application of the proceeds on the note, and that the balance was due and unpaid. Judgment was asked in the amount of the unpaid balance and that the property be sold and the proceeds applied to the payment of the note. There

was a supplement to the petition filed, in which it was alleged that subsequent to the making of the note in question plaintiff advanced $275 to defendants to cover harvest expenses; that the gross sum arising from the insurance on certain wheat was $474; that $275 was deducted from the $474, leaving a balance due of $199.10, and this was applied on the note on which the action was brought.

The defendants answered admitting the execution of the note and mortgage. The answer further alleged that at the time plaintiff was negotiating with the defendants for the execution of the note and mortgage the plaintiff, through its agent, represented to the defendants that the plaintiff would make an additional advancement to the defendants of the sum of twenty-five cents per bushel for each bushel of wheat insured and guaranteed under the wheat insurance contract on the wheat on the premises owned by the defendants and covered by plaintiff's mortgage; that the plaintiff did not thereafter carry out this agreement to make advancements, and at the time the agreement was made it was made for the purpose of securing the execution of the note and mortgage by the defendants, and for no other purpose, and that the plaintiff and its agents did not intend to carry out this agreement and make the advancements at the time they made the agreement.

The answer prayed that the plaintiff take nothing by these actions. It was not verified.

By way of reply the plaintiff denied that any representation was made to the defendants that plaintiff would advance an additional twenty-five cents per bushel for each bushel of wheat insured under the wheat insurance contract. The reply further alleged that about August 24, 1938, defendants were indebted to plaintiff and made an assignment to plaintiff of all the money to be paid under the insurance contract; that thereafter plaintiff advanced $100 to be used in harvesting the wheat crop and on October 5, 1938, advanced $167.70 to meet the premium on the wheat insurance policy; that on February 25, 1939, defendants executed the note and mortgage sued on, which was a renewal note for all existing indebtedness; and thereafter plaintiff made an advancement of $275, as alleged in the supplement to the petition. This reply was filed January 23, 1940. A motion for judgment on the pleadings on the ground that the answer was not verified was filed January 29, 1940. This motion was sustained and judgment was entered on February 9, 1940, as prayed for in the petition. This appeal is from that judgment.

At the outset, it may be stated that since this was an action founded on a written instrument for the unconditional payment of money the answer was required to be verified even though the execution of the instrument was not denied. (See G. S. 1935, 60-729; *Hamson v. Babbitt,* 123 Kan. 32, 254 Pac. 332; *Smith v. Jones,* 145 Kan. 892, 67 P. 2d 506, and *Christy v. Kinsinger,* 149 Kan. 437, 87 P. 2d 615.)

To meet this argument defendants argue first that they could prove a defense, such as fraud, in the consideration of a note without verifying their answer. Several cases are cited which hold to that effect. The trouble with that argument is that since the revision of the code in 1909 the rule has been as stated above and a verification is necessary to raise any issue. (See authorities cited above.)

Defendants next argue that when plaintiff filed its reply it waived the verification of the answer and was no longer entitled to a judgment on the pleadings.

The rule is stated in 49 C. J. 841, as follows:

"Pleading over or going to trial without objection, or both, waives the right to urge that a pleading was not subscribed or verified."

In *Emery v. Bennett,* 97 Kan. 490, 155 Pac. 1075, the suit was on a note. The answer admitted the execution of the note, but denied delivery, and alleged that it was only a memorandum of a gift and had been delivered by mistake along with some other papers. This answer was not verified. In due time plaintiff filed his reply. There was a trial on the merits, which resulted in a judgment for the defendant. The plaintiff appealed to this court. The principal error urged on the appeal was that the trial court should not have admitted any evidence to sustain the allegations of the answer because the answer was not verified. On this point this court said:

"This assignment would be good, but appellant filed a reply which joined issue on the pleaded defense. Evidence pro and con was received concerning it, and the appellant asked, and to some extent obtained, instructions covering the defense pleaded." (p. 492.)

It is true that this court in that case pointed out that evidence had been introduced pro and con on the issue made by the unverified answer and also pointed out to the trial court by counsel when arguing the objection to the evidence. Consequently this opinion is not a clear-cut authority for the proposition that the mere filing of a reply waives the defect of nonverification of the answer. How-

ever, the opinion points out decisions to the effect that it has always been the law in this state that traversing an issue pleaded waives the insufficiency of the pleadings, the issues of which are traversed. A statement of this court in *Mitchell v. Milhoan,* 11 Kan. 617, was quoted, wherein it was said:

"The subsequent proceedings, however—the answer, the reply, the evidence, the findings or verdict—often cure a defective petition. (*Barrett v. Butler,* 5 Kan. 355, 359; *Mo. Valley Rld. Co. v. Caldwell,* 8 Kan. 244; *Zane v. Zane,* 5 Kan. 140.) This is generally the case where no objection is made to the petition in the court below, or where the objection is made by merely objecting to the introduction of any evidence under the petition; and except where the objection is made by demurrer, or by a motion to require the plaintiff to make his petition or some allegations thereof more formal or more definite and certain, the objection should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought; and the objection should seldom, if ever, be sustained, where the allegations are simply incomplete, indefinite, or conclusions of law. (*Laithe v. McDonald,* 7 Kan. 254, 261, 262; *Fitzpatrick v. Gebhart,* 7 Kan. 35, 40, 41; *Greer v. Adams,* 6 Kan. 206; *Hawley v. Histed,* 10 Kan. 266.) (p. 626.)"

See, also, *Loan Co. v. Organ,* 53 Kan. 386, 36 Pac. 733, where it was said:

"It is said that the court was not justified in inquiring whether the judgment had been wrongfully obtained, because the reply of Kenyon was not verified, and for the further reason that it did not set forth the judgment sought to be vacated. The absence of a verification or the sufficiency of the pleadings was not brought to the attention of the district court, but the plaintiff proceeded to trial on the merits as though the reply was sufficient and the issues properly closed. Under these circumstances, the objection is raised too late, and a verification to the reply must be deemed to have been waived." (p. 390.)

*Cook v. Donner,* 145 Kan. 674, 66 P. 2d 587, was an action on a promissory note. The answer was a general denial, a special denial and a cross petition. It was unverified. A reply was filed by the plaintiffs. When the case was called for trial on the merits, plaintiffs filed a motion for judgment on the pleadings because the answer was not verified. This motion was overruled. The trial of the action resulted in judgment for the defendants. On appeal the plaintiffs argued that no issue was before the court because the answer was not verified. The defendant contended that the plaintiffs waived the right to urge that the answer was unverified by filing the reply. It will be noted that the motion for judgment on the pleadings was filed before anything more had been done than

filing the reply. This court pointed out that after the motion for judgment was denied witnesses testified in line with the allegations of both the petition and the answer and held that the overruling of the motion for judgment had not materially affected the rights of the parties. Examination of the circumstances surrounding the pleadings and motion indicates that the result would have been the same had it not been for the testimony offered by the parties.

The statement from 49 C. J. 841, heretofore quoted in this opinion, was quoted also in *Cook v. Donner,* 145 Kan. 675. *State, ex rel., v. Strevey,* 138 Kan. 646, 27 P. 2d 253, was a bastardy case. The complaint was filed, a warrant was issued, defendant was brought before a justice, a hearing was had, the testimony of the mother was taken and forwarded to the district court. Defendant asked a continuance in district court. Later he filed his answer to the complaint. After these things had happened defendant filed a motion questioning the sufficiency of the complaint. This court pointed out that bastardy cases had some aspects of both civil and criminal action, and said:

"In a civil case where verification of a pleading is required to raise an issue, the want of such verification is waived if the adversary pleads over without first directing the court's attention to its technical insufficiency." (p. 648.)

(See, also, *Livingston v. Lewis,* 109 Kan. 298, 198 Pac. 952.)

In relation to this contention plaintiff argues here that it was not presented to the trial court on the hearing of the motion for judgment on the pleadings nor on the brief and argument in support of the motion for a new trial. This statement appears in the brief filed by plaintiff. It does not appear from the record. The journal entry recites that it was shown to the court that the defendants "have filed their answer herein and that plaintiff has filed its reply to said answer." With such a recital in the journal entry we cannot say that the fact that a reply was filed was not presented to the trial court. Whether all the legal consequences of the filing of this reply were called to the attention of the trial court during the argument would not appear in the record.

Plaintiff argues that the matter pleaded in the answer did not constitute a defense to the action because it merely stated that plaintiff had made a promise to do something in the future. The argument is that statements, in order to constitute fraud, must be by some present existing fact.

The answer pleaded that plaintiff had made the promise stated and that at the time they made the promise they made it to secure the execution of the note and mortgage and at the time they made the promise they did not intend to carry out the agreement. This was more than a mere promise to do something in the future.

*Blankinship v. Porter*, 142 Kan. 284, 47 P. 2d 72, was an action to recover damages on account of fraud and deceit practiced upon the plaintiff by the defendant. The defense was made that the misrepresentations relied on by plaintiff were not misrepresentations of material facts, but promises to do something in the future. This court said:

"The evidence of the plaintiff in his action for damages under his allegations of fraud, deceit and misrepresentations, and promises alleged never intended to be performed, by which defendant received title to a plantation for an inadequate consideration, fully considered, and held to have been sufficient to make a prima facie case for the plaintiff and to justify the overruling of the demurrer thereto." (Syl.)

This court cited and quoted from *El Dorado Nat'l Bank v. Eikmeier*, 133 Kan. 412, 300 Pac. 1065. That was an action on a note. The defense pleaded was that a promise was made by the payee of the note to drill oil on the land of the defendants. Plaintiff contended that the statements pleaded were of promise to do something in the future and hence could not amount to actionable fraud. This court said:

"It is the general rule that fraudulent representations, to be actionable, must relate to existing or past facts or conditions; but a promise to do something in the future, if the promisor had no intention at the time he made the promise, to carry it out, is deceit, and if the promisor obtained anything of value by reason thereof it amounts to actionable fraud." (p. 420.)

(See, also, *Shriver v. National Bank et al.*, 117 Kan. 638, 232 Pac. 1062.)

Following these authorities we hold that the answer in this case pleaded a good defense.

The judgment of the trial court is reversed with directions to proceed with the trial of the action.